HOUSTON AND TEXAS CENTRAL RAILROAD CO. V. J. R. NIXON
AND WIFE.

1. QUÆRE.—As to the right of the jury to fix damages, in the absence of proof, in an action by parents for damages for negligent killing of their minor child? There is a conflict of authority whether the jury can determine for themselves, in their own uncontrolled discretion, the amount of pecuniary compensation which the parents should recover. The question not decided.

2. MEASURE OF DAMAGES—CHARGE.—It is the duty of the court to give definite instructions to the jury as to the true measure of damages to which a plaintiff may be entitled under the issues and facts of the particular case.

3. QUÆRE—AS TO DAMAGES.—It is a question whether, under the statute, (Paschal's Dig., art. 15; Rev. Stats., arts. 2899, 2909,) with proper allegations, damages allowed "proportioned to the injury resulting from such death," are restricted to loss to parents during the minority of the child killed, for which suit may be brought.

4. CONTRIBUTORY NEGLIGENCE.—See instructions, given on contributory negligence, held subject to criticism, but not sufficient to require reversal of the case.

5. CONSTRUCTION OF STATUTE—RAILROADS—RINGING BELL AT CROSSINGS.—The statute (Paschal's Dig., art. 4897; Rev. Stats., art. 4232) providing that each locomotive engine shall be provided with a bell or whistle, which shall be rung or blown when it crosses a road or street, the failure to do which shall make the company liable for all damages which shall be sustained by any person by reason of such neglect, superadds a duty upon the railroad company, the disregard of which, however, would impose no greater or other liability than would follow from a common-law duty in respect to the care in running a train. The mere omission to ring the bell would not, of itself, render the company liable for damages.

6. SAME—CHARGE OF COURT.—See charge of court held defective, in not clearly defining the above statute, it not clearly expressing the meaning of the statute as applied to the facts; which is, that the failure to ring the bell was negligence, and if by reason thereof the deceased was not aware of the approach of the train, and the injury resulting from this negligence was the proximate cause, then defendant was liable.

7. CONTRIBUTORY NEGLIGENCE—NOTICE.—If the injured party had notice of the approach of a railroad train from which injury resulted, the failure to ring the bell would be immaterial in an action for such injury.

8. CHARGE OF COURT.—A charge of the court which in terms assumes the existence of a controverted fact as the predicate for law announced by the charge, is erroneous.

APPEAL from Travis.   Tried below before the Hon. E. B. Turner.

March 14, 1877, J. R. Nixon and his wife Lizzie brought suit in the District Court of Travis county against the Houston and Texas Central Railroad Company for damages for negligently causing the death of their infant son, Willie Nixon, March 7, 1877.   The defendant pleaded a general denial and contributory negligence.   There was no question made upon the pleadings.   A verdict was rendered for plaintiffs, and the defendant appealed.   The facts sufficiently appear in the opinion.

*George Goldthwaite*, for appellant.

I. The court erred in charging that the jury are authorized to determine, in the absence of any proof, for themselves, what the extent of the pecuniary damage is; and it should, on this question, have given the second charge asked by defendant, embodying the law applicable to the case, and the third instruction asked by defendant, as to the proper rule for estimating damages, instead of leaving the jury without any rule on the subject.   There is no evidence to support the verdict on the question of damages.

II. The jury are not authorized to determine for themselves what the extent of the pecuniary damage is, without evidence upon the subject, and the court erred in so charging and in refusing to give the second charge prayed for by defendant.

The court charged: "The extent of the recovery allowed in such case is the actual damages sustained by the plaintiffs in consequence of loss of services of such child, and the jury are authorized to determine for themselves what the extent of the pecuniary damage is."   It refused to give the second charge prayed for by defendant, viz.: "The recovery of the plaintiffs is to be measured by the evidence of pecuniary loss; and

unless plaintiffs have proved by evidence before you pecuniary injury or actual damage in some tangible form, then you will find for defendant." (Duckworth v. Johnson, 4 Hurl. & Nor., 653; Mitchell v. Railway Co., 5 Thomps. & C., (N. Y.,) 122.)

The third charge prayed for by defendant, and refused by the court, gave the jury a correct rule for estimating the damages, if any, and should have been given. The defendant had the right to have the jury instructed upon the law of the case clearly and pointedly, so as to leave no ground for misapprehension or mistake. (Muldowney v. Railroad Co., 32 Iowa, 180; Field on Dam., p. 507; State of Maryland v. Railroad Co., 24 Md., 107; Ford v. Monroe, 20 Wend., 210; Railroad Co. v. Kelly, 31 Penn. St., 376; Same v. Zebe, 33 Penn. St., 327.)

III. The damages for the loss occasioned by the death of the child should have been limited to the period of minority. The court refused so to do, and refused the defendant's charge to that effect. (Shear. & Red. on Dam., sec. 608; Field on Dam., sec. 840; Sedg. on Dam., pp. 697, 698; State of Maryland v. Railroad Co., 24 Md., 84; Traver v. Railroad Co., 6 Abb., (N. S.,) 46.)

IV. To permit a child under five years of age to run at large and play in the streets of a city traversed by cars and other vehicles, is, in case of accident and injury to the child, contributory negligence, and the defendant was at least entitled to have that question clearly and pointedly submitted to the jury.

The child was under the age of five years. The accident happened at the culvert bridge at the intersection of Pine and Brazos streets, in Austin, about one hundred yards from where the parents reside. Three children were playing, or trying to get upon the car. They seemed to be on the steps, and hanging between the first and second cars. Two of the children fell through the bridge between the cross-ties. One of them was killed. (Railroad Co. v. Pearson, 72 Penn. St., 171;

Glassey v. Railroad Co., 57 Id., 174; Smith v. O'Connor, 48 Id., 223; Railroad Co. v. Keller, 67 Id., 300; Railroad Co. v. Vining's Adm'r, 27 Ind., 513; Railroad Co. v. Huffman, 28 Id., 287; Railroad Co. v. Bowen, 40 Id., 545; Ihl v. Railroad Co., 47 N. Y., 317; Hartfield v. Roper, 21 Wend., 615; Kreig v. Wells, 1 E. D. Smith, (N. Y.,) 74; Mangam v. Railroad Co., 36 Barb., 230; Wright v. Railroad Co., 4 Allen, (Mass.,) 283; Holly v. Gaslight. Co., 8 Gray, 123; Callahan v. Bean, 9 Allen, 401; Boland v. Railway Co., 36 Mo., 484; Singleton v. Railway Co., 7 C. B., (N. S.,) 287.)

*Walton, Green & Hill,* for appellees.

I. The jury, in a case of this character, have the right, acting on individual knowledge, independent of extraneous evidence, to say that the present and prospective services of a boy child are valuable to the parents, and to estimate the value thereof during minority. (O'Mara v. Hudson River Railroad Co., 38 N. Y., 450; Oldfield v. New York and Harlem Railroad Co., 14 N. Y., 319; Drew v. Sixth-avenue Railroad Co., 26 N. Y., 52; Ihl v. Forty-second-street and Grand-street Ferry Railroad Co., 7 Amer. R., 451; Id., 47 N. Y., 317.)

II. Appellant's fourth proposition may be abstract law, but it is wholly inapplicable to this case. The mother did not permit the child to go into danger.

The statement of the case gives the facts as to all the negligence of which the mother was guilty. (Ihl v. Forty-second-street and Grand-street Ferry Railroad Co., 7 Amer. R., 451; Id., 47 N. Y., 317; Cooley on Torts, 682, note 2, and authorities cited; Lynch v. Smith, 6 Amer. R., 189; McGary v. Loomis, 20 Id., 512, and authorities cited.)

III. A failure on the part of appellant to ring its bell while its train is moving along a public street and crossing a public street, is a failure to perform a statutory duty, and is negligence.

The evidence is conflicting as to whether the bell was ringing as the train was moving. (Wakefield v. Conn. and Pass.

Railroad Co., 37 Vt., 334; Langhoff, Adm'r, v. Milwaukee and Prairie du Chien Railroad Co., 19 Wis., 496; Correll v. B. C. R. and M. Railroad Co., 38 Iowa, 123; Augusta and Savannah Railroad Co. v. McElmurry, 24 Ga., 79; Norton v. Eastern Railroad Co., 113 Mass., 367; Linfield v. Old Colony Railroad Corporation, 10 Cush., 566; St. Louis, Vandalia and Terre Haute Railroad Co. v. Dunn, 78 Ill., 200; Renwick v. New York Central Railroad Co., 36 N. Y., 132;. Ernst v. Hudson River Railroad Co., 32 How., (N. Y.,) 80; O'Mara v. Hudson River Railroad Co., 38 N. Y., 447.)

BONNER, ASSOCIATE JUSTICE.—This is a suit for damages against the appellant, the Houston and Texas Central Railroad Company, brought by the appellees, J. R. Nixon and wife, for injuries from a moving train, which resulted in the death of their minor child, aged between four and five years.

The testimony showed that the deceased had strolled from the home of his parents, situated in the city of Austin, about one hundred yards from where the occurrence happened, and that before the train came up, he and two other children were playing under a culvert bridge on the railroad track at the intersection of Pine and Brazos streets; that the train backed slowly toward the culvert, and that about the time it reached it the deceased crawled out from between the ties and was caught and run over by the passing wheels. The testimony tends to show that one or more of the children were on the steps of the car, and that one of them ran off. There was no evidence of any definite pecuniary value, present or prospective, of the services of the child, and the testimony was conflicting whether the locomotive bell was ringing at the time.

There was a verdict and judgment for the plaintiffs for $825, from which the defendant appealed.

The material questions in the case arise upon the charge of the court and the charges asked by the defendant and refused.

The first error assigned is, that "the court erred in charging that the jury be authorized to determine, in the absence of

any proof, for themselves, what the extent of the pecuniary damage is; and it should, on this question, have given the second charge asked by defendant embodying the law applicable to the case, and the third instruction asked by defendant, as to the proper rule for estimating damages, instead of leaving the jury without any rule on the subject; and there is no evidence to support the verdict on the question of damages."

Among other propositions presented by the appellants are:

"1. There is no evidence to support the verdict on the question of damages."

"2. The jury are not authorized to determine for themselves what the extent of the pecuniary damage is without evidence upon the subject, and the court erred in so charging and in refusing to give the second charge prayed for by defendant."

The court charged the jury, that "the law gives a right of action to a parent whose child has been killed by the negligence of a railroad company in running its trains, but the extent of the recovery allowed in such cases is the actual damage sustained by the plaintiff in consequence of loss of service of such child, and the jury are authorized to determine for themselves what the extent of the pecuniary damage is."

There is a conflict of authority upon the question whether, in this character of case, the jury can determine for themselves, in their own uncontrolled discretion, the amount of pecuniary compensation which the parents should recover.

As this case will be reversed, and as it may become an immaterial question on another trial, and as there is not entire unanimity in the views of the court, we do not now decide the question. (Potter *v.* Railroad Co., 21 Wis., 372; Oldfield *v.* Railroad Co., 14 N. Y., 310; O'Mara *v.* Railroad Co., 38 N. Y., 450; Pennsylvania Railroad Co. *v.* Kelley, 31 Penn. St., 372; Pennsylvania Railroad Co. *v.* Vandever, 36 Penn. St., 303, and as cited in note 1, p. 702, Shear. & Red. on Neg.; Chicago, &c., Railroad Co. *v.* Swett, 45 Ill., 197; Illinois Central Railroad Co. *v.* Welch, 52 Ill., 183; Green *v.* Hill, 4 Tex., 465; 2 Gra. & Wat. on New Trials, 347.)

Appellant submits as proposition 3: "The third charge prayed for by defendant and refused by the court gave the jury a correct rule for estimating the damages, if any, and should have been given. The defendant had the right to have the jury instructed upon the law of the case clearly and pointedly, so as to leave no ground for misapprehension or mistake."

Without deeming it necessary to discuss the charge asked by appellant and refused, we think it the proper practice in all cases of damages for the court to give definite instructions to the jury as to the true measure of damages to which the party may be entitled under the issues and facts of the particular case. (Pennsylvania Railroad Co. v. Vandever, 36 Penn. St., 298; Railroad Co. v. Le Gierse, 51 Tex., 189.)

Appellant submits as proposition 4: "The damages for the loss occasioned by the death of the child should have been limited to the period of minority. The court refused so to charge, and refused the defendant's charge to that effect."

The common-law principle upon which a parent can recover damages for an injury to his child, is based upon the relation of master and servant, and as this ceases when the child arrives at the age of majority, damages, under the common law, should be limited to this period. It is, however, a grave question, under our statute, (Paschal's Dig., art. 15; Rev. Stats., arts. 2899–2909,) whether, with proper allegations, this damage, which is allowed as "proportioned to the injury resulting from such death," should be thus limited. We find expressions in some of the authorities that the damages should be restricted to the minority of the child, but no well-considered case where this point is directly made and thus decided. In Potter v. Railroad Co., 21 Wis., 377, it is held that the pecuniary advantage of the life of the deceased, after the time when he should reach his majority, can be considered only after proof of the indigent or dependent circumstances of the parents.

As the briefs of the learned counsel in this case do not advert to the distinction which might obtain between the rule of the common law and the statute, and as the question is an

important one, and not necessary to the decision to which we have arrived, it is not definitely determined.

The second error assigned is, that "the court erred in refusing to give the defendant's first instruction, which treated of the contributory negligence of the child's mother, as to which there was some evidence."

Upon this issue the court charged the jury: "You are the exclusive judges of the weight of evidence, and if you find defendant was guilty of negligence at the time and place mentioned, which negligence caused the injury complained of, then it is for you to say what has been the actual money damages sustained by plaintiffs; unless you find that the plaintiffs are also guilty of negligence in the particular matter under consideration, which contributed to the injury, because if they are also guilty of contributing to the injury, then they cannot recover at all."

It is not assigned that there was error in this charge as given, but in the refusal of the court to give the following charge asked:

"If you believe that the mother of Willie Nixon was negligent in the care of her said son, in allowing him to play at large in the street, about the railroad track, without attendance, and that this contributed to the accident, then you will find in favor of the defendant."

In the opinion of a majority of the court, this charge was objectionable, as it assumed as a matter of fact that the mother allowed the child to play at large in the street, and hence the court should not have given it as asked.

The charge given was very general in its terms. In cases of this character it is always more satisfactory that the question of contributory negligence should be fully explained to the comprehension of an ordinary jury. Although the instruction asked and refused may have been sufficient to have called the attention of the court to the general terms of the charge as given, and thus suggested the propriety of an additional one, or a modification of that asked if believed to be objectionable, yet, as

the charge given was correct, as a legal proposition, and as the one asked is held improper, the second alleged error assigned is not sufficient to reverse the judgment.

The third error assigned is, that "the court erred in refusing to give defendant's fourth instruction, as to the failure to ring the bell, and in charging the jury in the second paragraph of its main charge the opposite of the instruction asked."

The court charged the jury: "The law makes it the duty of the defendant to ring the bell of the engine whenever it moves its trains within the limits of the city of Austin, and to keep the same ringing while the train is in motion within the limits of the city. And where the law imposes a certain duty upon a railroad company, a disregard of that duty in moving its trains, if injury result, would be regarded in law as negligence on its part."

The charge asked and refused was: "That, under all the facts of this case, it made no difference whether the bell of the engine rang or not."

Our statute provides that each locomotive engine shall be provided with a bell or whistle, which shall be rung or blown when it crosses a road or street, the failure to do which shall make the company "liable for all damages which shall be sustained by any person by reason of such neglect." (Paschal's Dig., art. 4897; Rev. Stats., art. 4232.)

The true construction of the statute is, that it superadds a duty upon the company, the disregard of which would impose no greater or other liability than would follow from a common-law duty in respect to care in running a train; and that the mere omission to ring the bell would not, of itself, render the company liable. (Steves v. Railroad Co., 18 N. Y., 422; Galena and Chicago Union Railroad Co. v. Loomis, 13 Ill., 548; Artz v. Railroad Co., 34 Iowa, 153; Holman v. Railroad Co., 62 Mo., 562; Stoneman v. Railroad Co., 58 Mo., 504; Chicago and Rock Island Railroad v. McKean, 40 Ill., 218.)

This principle was announced by this court in Railroad Co. v. Le Gierse, 51 Tex., 189.

If, by the charge, it was intended to instruct the jury that the failure to ring the bell was negligence, and that if by reason thereof the deceased was not aware of the approach of the train, and the injury resulted from this negligence as the proximate cause, then this was the true construction of the statute. If, however, it was intended to instruct them that the failure to ring the bell was such statutory negligence as would make the defendant-company liable in damages in any event by the moving of the train, without regard to any necessary connection between the negligence and the injury, this was an improper construction of the statute, and was error.

Although the former may have been the construction intended by the learned judge presiding, yet we think the charge was not sufficiently clear and explicit to prevent the jury from being misled as to the law of the case.

Again, if the child had notice otherwise of the approach of the train, as the testimony would seem to indicate, then it was immaterial whether the bell rang or not, as the object which was intended to have been accomplished thereby had already been attained, and, under the testimony, this view of the case should have been presented to the jury. The charge asked to this effect, and refused, was objectionable, as it naturally assumed that the deceased had otherwise notice of the approach of the train.

Under all the facts and circumstances as presented by the record, we are of opinion that there was not such a clear and satisfactory presentation of the law of this case, by the court, as enabled the jury to fully comprehend the issues, and that for this reason the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 21, 1879.]