## D. W. SNOW v. W. H. PRICE.

(No. 900, Op. Book No. 2, p. 671.)

APPEAL from Rockwall County.     Opinion by WALKER, A. S., J.

§ **1342.** *Deposition; objection to, because an interrogatory has not been answered.* That an interrogatory has not been answered is an objection to the manner of taking the deposition. Objections on that ground must be in writing, and notice thereof given to the opposite counsel, when the deposition, as in this case, had been on file one entire day before the trial commenced. [Rev. Stats. art. 2235.]

§ **1343.** *Exceptions to the admission of evidence; bill of.* Where objections are taken to the admission of evidence, the court on appeal should have the specified error com-

plained of pointed out, and a bill of exceptions should state what defect the party is attacking.

§ 1344. *Expert testimony.* The witnesses who qualified themselves from their business to speak of the habits of cattle, such as the one whose death is under investigation, were properly allowed to testify. Nor could the testimony be said to be irrelevant. [Whart. on Ev. § 439.] It is evident that plaintiff relied greatly upon the fact of the death of the bull on the 21st of August, as proving the existence of some negligent treatment toward him causing his death. It was therefore proper to rebut such presumption, if it existed — that the testimony was given as to the liability to death of such cattle, and of the actual disease and death of most of the members of the herd from which he was taken, notwithstanding and in the face of the utmost carefulness. The defendant certainly was not liable for damages he did not by his act or omission cause. There was no connection shown between the alleged negligence and the injury. [R. R. Co. v. Le Gierse, 51 Tex. 202; H. & T. C. R. R. Co. v. Nixon, 52 Tex. 28.]

November 29, 1880.                              Affirmed.