MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. M. J. G. CARDENA.

Decided December 20, 1899.

### 1. Contributory Negligence—Walking on Track—Fact Case.

The question was for the jury as to contributory negligence on the part of a girl who entered upon a railway track in a city street, on which an engine was approaching 100 yards away, and after walking twenty-five steps along the track, in the same direction as the engine, with a shawl or cloak over her head, was struck and killed, the engine running rapidly and giving no signals, but making a loud noise from the exhaust.

### 2. Negligence—Charge—Causal Connection.

A charge is erroneous which instructs the jury that certain acts (running an engine at unlawful speed and omission of statutory signals) constituted negligence, without the qualification that such default must have occasioned the injury in order to be actionable.

### 3. Charge—Negligence and Contributory Negligence.

A charge which in one paragraph authorizes recovery upon proof of injury by defendant's negligence, and in a distinct paragraph submits contributory negligence as a ground of defense, is subject for criticism but not ground for reversal.

### 4. Charge—Grouping Facts—Omission—Request.

Where the court, in undertaking to group the facts supporting a defense, omits a material fact proved and bearing thereon, the omission does not constitute error unless a correct charge supplying the defect is asked; in which case it should be given.

### 5. Charge—Based on Evidence—"Immediately."

A charge is properly refused which submits an issue based on the theory that the injured person entered upon the railway track "immediately" in front of a train, where the proof was that the train was 100 yards away at the time.

APPEAL from McLennan. Tried below before Hon. SAM R. SCOTT.

*Clark & Bolinger,* for appellant.

*Henry & Stribling* and *T. A. Blair,* for appellee.

FISHER, CHIEF JUSTICE.—The appellee sued the railway company for damages arising from the alleged negligent killing of her daughter by being run over by one of its locomotives in the city of Waco. The alleged negligence consisted in operating the locomotive, in that it was being run at a much higher rate of speed along Jackson Street, in the city of Waco, than allowed by the ordinance of the city, and that the ordinance was further violated, in that those operating the locomotive

negligently failed to ring the bell and blow the whistle; and that the appellant was guilty of negligence in not keeping a proper lookout on Jackson Street at the time and place where the killing occurred; and that the killing could have been prevented by the exercise of ordinary care and diligence. Verdict and judgment below were in favor of the appellee, the mother of the deceased, for $2011.66.

The first and second assignments of error complain of the verdict and judgment, because it is contended that the evidence clearly shows that the deceased was guilty of contributory negligence proximately contributing to her death.

It appears from the evidence that the deceased, at the time she was killed, was walking on and along the railway track, located on Jackson Street in the city of Waco; that the track at that place was much used by the public as a walk; and that at the time she entered upon the track, the locomotive which struck her, pulling a train of cars, was about 100 yards away; and that, after entering upon the track, she walked about twenty-five steps along it before she was struck by the locomotive. At the time she was going along the track in the same direction as the approaching train. At the time she entered upon the track and was walking along it, she had some fabric or material over her head, but what its character was the evidence leaves uncertain, and whether it was of such a character and so placed around her eyes and ears as to prevent her from seeing or listening, the evidence is not clear; and there is no direct evidence in the record on the subject whether or not she looked or listened for the approaching train.

The evidence shows that the train was going at a greater rate of speed along Jackson Street than was allowed by an ordinance of the city of Waco, and that the ordinance was further violated by failing to blow the whistle or ring the bell. It further appears from the evidence that the engine, in approaching the place where the deceased was struck, was making a loud noise, which could be heard for some distance. When the deceased first entered upon the track, the engine was about 100 yards distant coming in the direction of the deceased.

It can not be conclusively said that the proximity of the locomotive rendered it per se dangerous for the deceased to go on the track. Observing the engine 100 yards away might indicate to a person of ordinary prudence that in going upon the track he would not necessarily incur danger; but the close question in the case is, whether, under the circumstances, she would be justified in remaining on the track for a distance of twenty-five yards with the train approaching behind, which could have been discovered, if ordinary precaution to look or listen had been exercised. But the answer to this might be that, inasmuch as she was rightfully upon the track, she could rely upon a performance of the duties required by the ordinance looking to the protection of persons situated as she was. When she first entered upon the track, a jury might consider that the train was so far away that its rapid approach might not have been apparent to a person entering upon the track, and thereby

conclude that the fact of going upon the track was conduct consistent with ordinary prudence, and that such person could continue to walk along the track that was in use by the public, relying upon the fact that doing so was not necessarily dangerous, because the employes operating the locomotive would give the requisite warning and signals as required by the ordinance, and if such had been the case, the injured person could have and doubtless would have left the track.

We can not say that the fact that deceased had some kind of material or fabric around her head conclusively establishes the fact that she was thereby guilty of negligence, and that the effect thereof was to impair her ability to see or hear the approach of the locomotive. What effect this had in that way was a question of fact for the jury to determine.

The case of Railway v. Fuller, 24 Southwestern Reporter, 1090, much relied upon by the appellant, was before the same court again, and will be found reported in 36 Southwestern Reporter, 319, where the first case was reviewed and the conclusions reached that it could not be conclusively assumed that Mrs. Fuller was guilty of contributory negligence.

The court in its charge in effect instructed the jury that under the ordinances of the city of Waco, running the train at a greater rate of speed than six miles an hour and the failure to ring the bell while running the same upon the street would be negligence upon the part of the defendant company. The charge nowhere, in this connection, instructs the jury that in order for the failure pointed out to be actionable negligence, it must, in some manner, occasion the injury.

This charge is objected to. The failure to perform the duty upon the part of those operating the train required by the ordinance, would be negligence, but it would not be actionable negligence in the sense that it could be the foundation of a cause of action, unless there was some connection between the failure to perform the duty and the accident; and, as said in Railway v. Nixon, 52 Texas, 28, "there must be some connection between the negligence in the respect complained of and the injury." Calhoun v. Railway, 84 Texas, 226; Railway v. Wright, 62 Texas, 515; Railway v. Nycum, 34 S. W. Rep., 460; Railway v. Malone, 37 S. W. Rep., 640. For the error in the charge in this respect, the judgment will be reversed and the cause remanded.

Considering the charge as a whole, we believe that it is not subject to the objections urged in the fifth assignment of error; but, however, it would be best for the court to so frame the charge upon another trial as to obviate the objection urged against it.

We think the charge of the court complained of in the sixth assignment of error was proper, and if the appellant desired the submission of an additional statement of facts presenting some theory of its defense, it should have requested an additional instruction to that effect. It is contended in the seventh assignment of error that this was done and the

charge refused by the court. The court is only required to give a requested instruction when it is correctly framed, submitting some issue of law that arises under the facts of the case.

The charge requested, and which was refused, was accurate in every particular, except wherein it employed the word "immediately." The word "immediately," in the sense in which it was used in the requested instruction, implied that there was no appreciable distance or interval of time intervening between cause and effect. The expression in the charge is that "the plaintiff's daughter did enter on defendant's track immediately in front of defendant's train and locomotive, and failure to look or listen," etc. The evidence in the record is clear that when she entered upon the track the locomotive was about 100 yards away, and that after entering upon the track, she walked about the distance of twenty-five steps at a usual and ordinary gait. Such being the case, it could not be said that she entered upon the track immediately in front of the locomotive. If the evidence upon another trial is similar to that shown by the record, this charge, with the word "immediately" omitted, if again requested, should be given, for it is well settled by the later decisions of the Supreme Court upon the subject, that a party has the right, when a proper request is made, to have submitted the particular theory upon which he relies, if there is pleading and evidence to support it.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*