GULF, COLORADO & SANTA FE RAILWAY COMPANY v. J. L. ROANE.

Decided October 21, 1904.

1.—Railway—Negligence—Employe on Track.

Evidence considered and held to support recovery by a bridge carpenter in perilous position upon plaintiff's track by reason of failure of those operating the train to avoid injury to him by stopping or slackening its speed after his dangerous position was known or should have been known.

2.—Contributory Negligence—Effort to Save Life.

Evidence considered and held to excuse assuming a position of danger in front of an approaching train by railway employe endeavoring to remove a dangerous obstruction.

3.—Same—Charge.

A charge was erroneous which excused an injured person from contributory negligence in incurring danger in the effort to remove an obstruction upon the railway track, if he acted in so doing upon apprehension of danger to the train; the rule being that the appearance of danger must be such as to arouse the reasonable apprehension of a man of ordinary prudence, caution and intelligence.

Appeal from the District Court of Bell. Tried below before Hon. John M. Furman.

At a former term of the court the judgment in this case was affirmed. 75 S. W. Rep., 846. This opinion was rendered upon motion for rehearing.

*J. W. Terry* and *Ballinger Mills,* for appellant.

*W. C. Halbert,* for appellee.

FISHER, CHIEF JUSTICE.—We adhere to the views expressed in our original opinion, to the effect that the evidence is sufficient to authorize the plaintiff to recover, but we have reached the conclusion that there is an error in the charge of the court. There are two states of facts developed by the evidence, either of which would have justified the plaintiff in going upon the track at the time that he did. The first is, he claims, as appears from his evidence, that he understood that the general instructions were to remove tools from the track when a train was approaching. The second is that he rested under the belief that the bar would endanger the approaching train, and possibly cause the destruction of property and the loss of life.

If it was a part of the duty of the plaintiff to remove the tools from the track, or if the position of the bar upon the track aroused a reasonable apprehension of danger to the coming train, his remaining upon the track for the purpose of removing the bar would not put him in the attitude of a trespasser, or necessarily subject him to the charge of contributory negligence, unless the train was so near and the danger of remaining upon the track so obvious, that a man of ordinary prudence would not have made the effort to remove the bar.

The first of the reasons as stated why the defendant went upon the track was not submitted in the charge of the court for the consideration of the jury; therefore, the evidence bearing on that question could

not have well been passed upon by the jury, in view of the charge of the court, wherein the only ground of excuse submitted justifying the plaintiff's remaining upon the track, was an apprehension of danger from the bar.

The defendant testified that the train was about three-quarters of a mile away when he saw the iron bar lying between the rails upon the track, which was about forty-five feet from where he was standing; that he immediately went in a fast gait towards the bar, for the purpose of removing it, and threw it from the track, and before he could reach a place of safety he discovered the train a few feet off. He then sprang to an abutment upon which the bridge rested, from which he was swept by the movement of the train. The track was straight from the place where the train was first seen to where the bridge was located; and we gather from the evidence that the plaintiff and other bridge hands had been for several days repairing the bridge. There was nothing to obstruct the view of the engineer and fireman upon the engine; and the plaintiff testified in effect, that in his effort to remove the bar, he acted upon the assumption that the train was running at its usual schedule rate of about twenty-five miles an hour; but as a matter of fact, it approached the bridge at about double that rate of speed, and that the purpose in removing the bar was to prevent endangering the safety of the train, and that he believed at the time that the bar was dangerous, it lying on the crossties between the rails.

The conclusion may be drawn from his evidence that if the train had been running at the regular rate of speed he could have removed the bar in safety; and the facts as testified to authorize the inference that he was either seen by the engineer in his effort to remove the bar, or he could have been seen, if the engineer had exercised reasonable diligence. The engineer testified, and so did the fireman, that neither saw the plaintiff in his position upon the track, but there is some evidence tending to show that they were looking ahead, and the jury had the right to conclude that they did see the plaintiff; and the conclusion is irresistible that if they did not see the plaintiff, they could have seen him by the exercise of ordinary care. The engineer evidently knew that the bridge was being repaired, and the inference to be drawn from the testimony is that he knew that the bridge gang was at work there.

In the cases of Gulf, C. & S. F. Railway Co. v. Wagley, 15 Texas Civ. App., 308, and Houston & T. C. Railway Co. v. Laskowiski, 47 S. W. Rep., 59, in each of which cases a writ of error was refused, and in Missouri, K. & T. Railway Co. v. Cordena, 54 S. W. Rep., 312, it is in effect held that a person who is not a trespasser entering upon the track before an approaching train, is not necessarily guilty of contributory negligence; that he has the right to rely that the servants operating the train will observe the usual, ordinary and customary rules of caution and care, in order to prevent running down one who may be lawfully upon the track at the places where such persons might be expected. And in Railway Co. v. Arnold, 7 Texas Ct. Rep., 501, a case

decided by this court, in which the Supreme Court has recently refused a writ of error, where a section hand standing near the track was injured, it was in effect held that those operating the train must exercise ordinary care to discover persons rightfully upon or near the track, and that this duty must be exercised at places where it is to be expected that hands will be at work.

The court in the charge quoted in the original opinion, in submitting the plaintiff's case to the jury, instructed them in effect that the plaintiff was justified in going upon the track, in order to remove the iron bar, if he apprehended danger therefrom to the moving train. This charge is objectionable, in that it justifies the plaintiff in going upon the track upon the mere apprehension of danger from the bar. There is much evidence in the record that the bar, lying in the position that it was, was not dangerous, and that it was customary and usual to leave such tools upon the cross ties between the rails when a train was passing; and, in view of the evidence upon this subject, there is much force in the contention of the appellant that a man of ordinary prudence, caution and intelligence could not have entertained a reasonable apprehension of danger to the moving train from the bar. In order to justify going upon the track to remove a supposed obstruction, it is not necessary that danger should actually exist, but the appearances of danger ought to be such as to arouse a reasonable apprehension of danger. The court's charge is defective in this respect. The judgment is reversed and the cause remanded.

*Reversed and remanded.*