SOUTHWESTERN GAS & ELECTRIC CO. v. DUKE. (No. 1744.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 8, 1917. On Rehearing, March 29, 1917. Further Rehearing Denied May 3, 1917.)

1. APPEAL AND ERROR ☞679(1) — REVIEW — PLEA IN ABATEMENT.

A plea in abatement, denying plaintiff's right to maintain the suit, is to be determined after hearing all the evidence in respect thereto; and to review the ruling of the court on the merits of the plea it is essential that all the evidence offered before the trial court, and upon which it acted in ruling on the plea, should appear in the record, either by proper bill of exception or in the statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2878, 2879.]

2. STREET RAILROADS ☞102(1)—NEGLIGENCE—FAILURE TO GIVE WARNING—PROXIMATE CAUSE.

In an action for damages for personal injuries sustained by plaintiff in a collision between the buggy in which he was riding and defend-

ant's street car, the liability of defendant for negligent failure to give warning of the approach of the car depends upon whether or not such omission was the sole proximate cause of the injury, for the only object of a signal warning is to make the person intending to cross the street car track aware of the street car's approach in time to avoid injury; and if, with knowledge of the car's approach derived from other sources, the person crosses the track, his injuries may be due to his own negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 186, 194, 200, 203.]

On Rehearing.

3. STREET RAILROADS ☞118(16)—ACTION FOR INJURIES — INSTRUCTIONS — PROXIMATE CAUSE.

An instruction authorizing a verdict for plaintiff, if plaintiff and another, in attempting to cross a street, drove onto the street car track, and in so doing were not guilty of negligence, and the employé of defendant operating the street car failed to give warning of its approach, and such failure was negligence proximately causing injury to plaintiff, sufficiently authorized and required the jury to find that the failure to give warning of the street car's approach was the proximate cause of plaintiff's injury.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by J. J. Duke against the Southwestern Gas & Electric Company. Judgment for plaintiff, and defendant appeals. Affirmed on rehearing.

Glass, Estes, King & Burford, of Texarkana, for appellant. Mahaffey & Keeney, of Texarkana, for appellee.

LEVY, J. This is an action by appellee against the appellant company for damages for alleged personal injuries sustained by him by reason of a collision between the buggy in which appellee was riding and a street car. The collision occurred on Broad street, at a point just east of Spruce street crossing, in the city of Texarkana, Tex., on January 14, 1915. The negligence alleged in the petition is the failure of appellant's employés in charge of the street car to keep a lookout and to give warning of the street car's approach to persons who might be attempting to cross Broad street at its intersection with Spruce street, and the failure of the employés, after discovering the perilous situation of the plaintiff, to use the means they should have used to avoid injuring plaintiff. The defendant filed, as a part of the answer, a plea in abatement, denying the plaintiff's right to maintain the suit. The plea alleged that on February 13, 1915, the plaintiff, on his voluntary petition, was adjudged a bankrupt in accordance with the acts of Congress relating to bankruptcy, and that in said bankruptcy proceedings the plaintiff has returned and filed an inventory of all his assets, which included and specially specified this cause of action against appellant company for personal injuries. The plea further alleged that H. M. McIver was

appointed and is the trustee in bankruptcy of the plaintiff, and the said bankruptcy proceedings are still pending and unsettled, and that the said adjudicated bankrupt has not been discharged. The court overruled the plea in abatement. The defendant further answered by general denial and by a plea of contributory negligence. The jury returned a verdict for the plaintiff. And there is evidence to support the finding of fact, as involved in the verdict of the jury, that the appellant was guilty of negligence, as pleaded, proximately causing the injury to plaintiff. The evidence warrants the judgment as to amount of damages.

[1] Appellant predicates error upon the ruling of the court respecting the plea in abatement. A plea in abatement denying plaintiff's right to maintain the suit is to be determined after hearing all the evidence offered in respect thereto. And in order for this court to review the ruling of the court on the merits of the plea it is essential that all the evidence offered before the trial court and upon which he acted in overruling the plea should appear in the record either by proper bill of exception or in the statement of facts.

[2] The fifth paragraph of the court's charge to the jury authorized a verdict in favor of appellee if they found that plaintiff and J. T. Puckett, in attempting to cross from the north side to the south side of Broad street, drove onto the street car track, and in so doing were not guilty of negligence, and that the employé of appellant operating the street car failed to give warning of the approach of the street car, and that such failure was negligence proximately causing injury to the plaintiff. This instruction was excepted to by appellant, and is made the basis of an assignment of error. The charge is erroneous, as contended, in being too general in its terms, and in authorizing a recovery upon the finding that the mere failure to give any warning was negligence proximately causing the injury. There is evidence in this case going to show that the appellee and J. T. Puckett were attempting to cross the street car track in a vehicle without being aware of the approach of the street car, and that the employé in charge of the street car failed to give signal warning of the approach of the street car. It is the duty of an employé in charge of a street car to give reasonable warning on approaching a street crossing, so that a person or vehicle may stop and wait for it to pass. The only object of a signal warning is to make the person intending to cross the street car track aware of the street car's approach in time to avoid injury. A person may see or hear the street car approaching, or otherwise have timely notice of it, and thereby be as thoroughly warned as he would be if the gong were sounded, in which case the omission to give the warning would not be the proximate cause of the injury, but it

would be ascribed, as a matter of law, to the person's own contributory negligence. So the liability of the street car company for injury at a street crossing when it failed to give signal warning depends on whether or not such omission was the sole proximate cause of the injury. Railway Co. v. Nixon, 52 Tex. 19; Railway Co. v. Nycum, 34 S. W. 460; Railway Co. v. Cardena, 22 Tex. Civ. App. 300, 54 S. W. 312; Railway Co. v. Williams, 41 S. W. 501; 2 Thompson on Neg. § 1558; 3 Elliott on Railroads, § 1168. From the charge as given by the court the jury in the case may have concluded that the appellee was not guilty of negligence in driving "onto the street car track," though he may have seen or heard the car approaching, yet the defendant company was, under the charge, liable for the consequences of the collision, irrespective of whether or not the appellee was aware of the approach of the car in time to have avoided the injury. The charge as framed does not require the jury to find, in order to liability of appellant, that the failure to give warning to the appellee of the street car's approach was the proximate cause of the injury, if by reason of such failure to warn the appellee was not aware of the approach of the street car in time to avoid the injury. And the meaning of the words "proximate cause," as explained in a previous part of the court's main charge, did not submit to nor direct the jury in reference to the very element here now considered. We think, under the circumstances, it is but reasonable to infer that the jury may have been misled as to the law in the present case. It was an essential element of liability on the part of the appellant that the failure to warn was the cause of appellee's not being made aware of the approach of the street car in time to avoid the injury, and consequently the charge would be affirmatively erroneous.

The error pointed out requires, we conclude, that the judgment of the district court be reversed, and the cause remanded for another trial; and it is accordingly so ordered.

### On Rehearing.

[3] It is concluded that the former ruling is not warranted that the charge of the court is erroneous in failing to sufficiently authorize and require the jury to find that the failure to give warning to the appellee of the street car's approach was the proximate cause of the injury. The sixth paragraph would, it is believed, require the jury to find a verdict for the defendant if the failure to give warning of the street car's approach was not the proximate cause of the injury. Hence it is concluded the motion for rehearing should be granted.

We have fully considered each assignment of error, and are of the opinion that reversible error may not be predicated upon them. They are therefore overruled.

The judgment is ordered affirmed.