McKAMEY BROS. v. JONES. (No. 6144.)

(Court of Civil Appeals of Texas. San Antonio. March 12, 1919. On Motion for Rehearing, April 2, 1919.)

1. TRIAL ⬫260(10) — INSTRUCTION — DAMAGES.

In suit for breach of contract to sell majority stock of company, carrying control of company and all its property, including notes and accounts, instruction· submitting issue of buyer's damages if contract had been breached by sellers was insufficient, where it stated no rule for admeasurement, so that sellers' requested charge eliminating damages for failure to comply with agreement to put notes and accounts in collectable shape should have been given, in view of their pleadings.

On Motion for Rehearing.

2. CORPORATIONS ⬫121(6)—SALE OF STOCK —BREACH—QUESTIONS FOR JURY.

In suit for breach of contract to sell majority stock of company, whether there was fraud on the part of the sellers, all errors and mistakes in their failure to carry out the contract, and what accounts were included as assets of the company, or what not owned by it or left out, held questions bearing on a proper valuation of the stock, which should have been submitted to the jury.

Apeal from District Court, Calhoun County; John M. Green, Judge.

Suit by A . L. Jones against McKamey Bros. From a judgment for plaintiff, defendants appeal. Reversed, and cause remanded.

Wilson & Hamilton, of Port Lavaca, and Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellants.

Davidson & Bailey, of Cuero, and Lewis Wood, of Port Lavaca, for appellee.

COBBS, J. This suit was brought by appellee to recover damages for a breach of contract, resulting in a verdict in favor of appellants for the sum of $1,161.17. Appellants entered into a contract with appellee, whereby the latter was to sell the former 170 shares of the capital stock of the Bay Trading Company of the par value of each share, $100, and delivering in exchange therefor 212 acres of land in Red River county, Tex., on which there was a mortgage to secure $2,000, assumed by appellants. This sale carried with it all property, real and personal, notes, accounts, and choses in action of Bay Trading Company, unless there was some exception and reservation.

Appellees were to render to appellant a statement of the assets and liabilities of Bay Trading Company, that the notes and accounts due to said Bay Trading Company were to be invoiced at 60 cents on the dollar of their face value, and all notes and ac-

counts which were assets were to be included as assets not barred by the statute of limitations, or not otherwise in legal shape for collection regardless of the solvency of said parties owing same, or whether barred by the statute of limitations. The stock and other tangible assets were to be valued at their original cost, and from aggregate assets there was to be deducted the liabilities of said Bay Trading Company, the balance to represent the net assets of the company as a basis to arrive at the value of the stock.

It was agreed that appellants were to have 40 days from ·December 31, 1915, to place the notes and accounts invoiced by them in a legal and collectable shape. The solvency of such debtors was not to be guaranteed. It was claimed in the list of itemized claims that the sum of $2,267.80· was worthless and barred by the statute of limitations; that said list of notes and accounts was never put in collectable shape, and appellants thereby misled appellee and 'caused him to pay an amount in excess of the true value of the stock. It was also alleged by plaintiff that all the notes and accounts mentioned in Exhibit A were worthless and barred by the statute of limitations, and so known to be when defendants invoiced them, and in· no manner assets at the time invoiced; that defendants have failed to furnish any data by which he could find the notes and accounts, and the invoice and statement in many respects untrue. Some items were placed at a greater price than the cost, and some did not exist at all or were not the property of the company, and plaintiff relied on the truth and correctness of said invoice and statement which invoiced the assets and which was false and untrue in certain respects.

[1] There are a. number of issues raised, submitted, and assigned as error, but this case must turn upon the question of law raised by assignments of error as to the sufficiency of the charge of the court in submitting the issue for measuring damages to the jury. It will be noted from the foregoing there was no rule agreed upon as to how the insolvency of any one owing the company, or in other respects lost to the company as assets, was to be ascertained, or how it would be treated in case such contributed to reduce the par value of the stock by failing to put the claims in a collectable form, or otherwise, in such case how the damages were to be assessed, since the solvency of such debtors was not guaranteed in the transaction.

The court instructed the jury to find, if there was a contract for the purchase by plaintiff of 170 shares of the capital stock of Bay Trading Company, and whether or not either one of the defendants violated the same, and, if, so, in special issue 3, charged, "Do you find that the plaintiff has been damaged by reason of the failure of defendants or either of them to comply with said contract?"

to which the jury answered, "Yes." In special issue No. 4 the court charged the jury, "In what sum of money was plaintiff damaged by reason of such failure?" and the jury answered, "$1,244.62." Defendant excepted to the charges given, and asked two special charges. The first was:

"If you answered 'Yes' in response to special issue No. 3, then you are instructed, in response to special issue No. 4, to state no sum in excess of $442.33."

This charge assumes a liability. Special charge No. 2 is to the effect:

"That the measure of damages, if any you find in this case, is the difference in the value of the 170 shares of the capital stock of the Bay Trading Company with said notes and accounts mentioned * * * placed in a legal and collectable shape within the 40 days alleged and the value of said 170 shares with the said notes and accounts in the shape and condition same were in at the end of said 40 days."

Special charge No. 1 excludes liability on the plea with respect to the notes and accounts, on the theory that there was no proof of damages with regard thereto, applying the measure of damages deemed by appellants to be the correct one. In special charge No. 2, appellants tried to submit what they conceive to be the correct measure of damages. We conclude that under the plaintiff's pleadings the appellants' theory as to measure of damages is correct, and that the court erred in not giving special charge No. 1 for the reason that no damages legally recoverable were proven for failure to comply with the agreement to put said notes and accounts in collectable shape; that is, in such condition that limitation could not be successfully pleaded against them. Of course, if there had been evidence of such damages, it would have been proper to refuse special charge No. 1 and give special charge No. 2.

The evidence and the findings of the jury establish the breach. For failure to comply with this undertaking, how and in what respect was there any damage? Why were not the notes and accounts collectable, without being put in what is called "collectable" shape? There was no guaranty shown as to solvency, and no pleading and proof showing how any injury resulted from such failure. At any rate, the court's charge did not define the correct rule to ascertain damages in this case. If appellee sustained any injury or loss by reason of such failure to collect any one of such claims that would have been collected, had they been put in a "collectable" form within the 40 days, was the important issue in this case. We do not think the issues submitted by the court were sufficient. The defendants had the right to have the measure of damages more definitely given when requested. It is the fairer practice to instruct the jury clearly and pointedly, and to give definite instructions on the

measure of damages on the issues and facts in the particular case. H. & T. C. R. R. v. Nixon, 52 Tex. 25; Railroad Co. v. Le Gierse, 51 Tex. 204.

In the view we take of this case, it is not necessary to discuss the remaining assignments of error, and they are overruled.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

### On Motion for Rehearing.

Appellee complains that the statement of the case by this court does not truly reflect the issues. It was alleged that the defendants owned and controlled 170 shares of the capital stock, of the par value of $100 per share, in the Bay Trading Company; the said Bay Trading Company being a private corporation, duly incorporated under and by virtue of the laws of the state of Texas, transacting a general mercantile business at Port Lavaca, Tex.

McKamey Bros., acting through J. W. McKamey, entered into a contract in which the McKamey Bros. were to sell to plaintiff stock in Bay Trading Company and value of stock arrived at as follows: McKamey Bros. were to render to plaintiff a full statement of assets and liabilities of Bay Trading Company. Notes and accounts due to said Bay Trading Company to be invoiced at 60 cents on the dollar of their face value, and all notes and accounts which were assets were to be included as assets not barred by statute of limitations, or not otherwise in legally uncollectable shape, regardless of the solvency of the parties against whom they stood. Stock and other tangible assets were to be valued at their original cost, and from the aggregate amount of the above assets there was to be deducted the liabilities of said Bay Trading Company, and the balance, representing the net assets of the said Bay Trading Company, should be taken and accepted as a basis from which to arrive at the value of the corporation stock of said Bay Trading Company, at which said value plaintiff was to purchase said stock from said defendants. McKamey Bros. rendered to plaintiff a statement purporting to be an accurate, full, and fair invoice and schedule of all the assets and liabilities as of said last-named date, and plaintiff, relying upon the accuracy and truthfulness of said statement, computed from the figures therein shown, and on the basis of the net assets thereby found, in accordance with the said terms of said contract, plaintiff purchased all the said 170 shares of stock from McKamey Bros. at the price thereby arrived at.

It was agreed that McKamey Bros. were to be allowed 40 days from 31st day of December, 1915, to place the notes and accounts so involved by them in a legal and collectable shape, not, however, guaranteeing the solvency of such debtors, but to place the same in such shape that said note and

accounts would be legally enforceable, on their face, and be legal assets of said Bay Trading Company.

Among the notes and accounts listed and invoiced as assets of said Bay Trading Company were certain notes and accounts mentioned, of the face value of $2,276.80, set out as Exhibit A, all of which are worthless and are barred by the statute of limitations, and were known to be worthless and barred when defendants invoiced them as assets of said Bay Trading Company, and in no manner assets of said Bay Trading Company, nor at the time so invoiced. Defendants were allowed the full 40 days to put them in collectable shape and make same assets, but they have wholly failed and refused so to do, and the same remain totally worthless, and not assets; and plaintiff became president and general manager of said Bay Trading Company, and has been unable to find any of the notes and accounts mentioned in said Exhibit A on the books of said company, and defendants have refused to furnish him with any such such itemized accounts or data from which he could procure the same, and they were wrongfully included in the statement and contrary to the agreement, and by wrongfully including same caused plaintiff to pay to them an amount in excess of the contract value of said Bay Trading Company's stock of $1,161.17.

Said invoice and statement of the condition of the Bay Trading Company was in many respects untrue and incorrect, and various items placed therein at a greater price than the original cost thereof, and some items did not exist at all, or were not property of the said Bay Trading Company, and plaintiff relied on the truth and correctness of said invoice and statement, which were false, untrue, and incorrect in the following items: A note for $92.50, purporting that it was signed by one T. H. Shumpert. Accounts due to a branch store at Kamey, Tex., $160.91, and no trace thereof can be found in the records of the Bay Trading Company, and, if existing, are in hands of defendants, do not constitute assets of the said Bay Trading Company, and did not when invoiced. By reason of those two items being placed in the statement furnished, they caused the plaintiff to pay defendant a further excess of the contract value of Bay Trading Company stock the sum of seventeen-twentieths of 60 per cent. of said last-named sum, or $129.25. There was included also "Port Lavaca pavilion stock and equity in fire insurance policies," invoiced at $300, when in fact Bay Trading Company did not own it. The value of the unexpired term of the insurance company was only $68.41, and by including those two last-named items there was an excess charge of $231.59, which caused plaintiff to further pay an excess value of the stock of $197.85.

In the invoice there were various and sundry items of merchandise overvalued to an aggregate excess of $34.80, which caused plaintiff to overpay an excess of $20.74. Defendants omitted from the list of liabilities overdraft at the First National Bank of Port Lavaca of $115.02, and accounts due local merchants aggregating the sum of $61.68, which caused the statement to show an excess value of $176.70, which caused him to pay the further excess value of $150.16. All of the items defendants became liable to refund to plaintiff.

By reason of the omissions of the items of liabilities in said statements, all of which were relied upon by this plaintiff in carrying out the contract of purchase of 170 shares of stock in Bay Trading Company, and by reason of the premises, plaintiff was damaged $1,659, which he seeks to recover.

Such are the allegations upon which the plaintiff seeks to recover damages upon the alleged default of defendants to comply with the alleged contract. What we meant by saying "sale carried with it all the property * * * of the Bay Trading Company" was that it carried with it all the claims described in the petition, not that the plaintiff got them individually, but only as they figured in estimating the value of 170 shares of the stock, being the majority thereof, and carrying with it the management and control of said company.

The case was reversed upon what we regard as an error of law in submitting to the jury the true measure of damages responsive to the pleadings and issues, to ascertain what damages, if any, the plaintiff suffered. We have not discussed the various exceptions. We are inclined to believe the allegations in respect to the various claims that appellee sets out in his petition and lists included in the exhibit are sufficient to let in proof for the purpose offered on the issue of his damages. It will be borne in mind that the solvency was not guaranteed of any of the claims, or that they were not barred by the statute of limitations. It is not shown how any insolvent or barred claims, if any, were to be figured as an asset in valuing the stock, as that was not to be taken in account in the sale.

[2] All such issues of fact as to value of the assets are jury questions, for the jury to consider in valuing the stock. As to whether there was fraud, as to errors and mistakes in failure to carry out contract, as to what accounts were to be included as assets, or as to which not owned by the company or left out, and the kindred questions connected with and relating to said sale, are jury questions, bearing upon a proper valuation of the stock under direction of the court, for plaintiff could not recover the specific value of any of such property, as the title is in the company, and plaintiff's recovery must be limited to the damages, if any, he suffered by reason of the acts of appellant in causing him to

pay too great a value for the stock as pleaded. This is the chief issue made by the pleadings and as shown by our opinion the correct rule in submitting it to the jury was not given. The jury were left too wide a range.

Motion for rehearing overruled.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes