### WOODWARD et al. v. MURPHY.
### No. 7464.

Court of Civil Appeals of Texas. Austin.
June 11, 1930.

Rehearing Denied June 18, 1930.

Critz & Woodward, of Coleman, for appellants.

W. Marcus Weatherred and A. O. Newman, both of Coleman, for appellee.

BLAIR, J.

Appellee sued appellant for damages for personal injuries resulting from his being struck by a commercial motorbus owned and operated by appellant on the public highway. A jury's verdict on special issues resulted in a judgment for appellee for $1,750; hence this appeal.

The first special issue submitted reads as follows: "Was the defendant's bus in question being driven and operated at a greater rate of speed than 35 miles per hour immediately preceding the accident complained of?"

The jury answered the issue, "Yes," and that the operation of the bus at such rate of speed was the proximate cause of appellee's injuries. Appellant objected to the submission of the issue upon the ground that it related to a rate of speed at a time other than and different from the time of the accident, which should be the test of appellant's liability. We do not sustain the contention because the word "immediately," as used in instructions to juries, has been held to mean without lapse of time, instantly, at once, without intervention of anything as a medium. This is the common acceptation of the term, and there is nothing to show that the jury gave it any other application. I. & G. N. Ry. Co. v. Ploeger (Tex. Civ. App.) 93 S. W. 226; McGee v. West (Tex. Civ. App.) 57 S. W. 928; M. K. & T. Ry. Co. v. Cardena, 22 Tex. Civ. App. 300, 54 S. W. 312.

The third issue submitted reads as follows: "Was the defendant's bus in question being driven and operated at the time and place of the accident in question at such rate

of speed as to endanger the life, limb, and safety of the plaintiff or other person on the highway at such time, taking into consideration all the facts, circumstances, and surroundings at the time and place of the accident in question?"

The jury answered the issue, "Yes," and that the matters stated were the proximate cause of appellee's injuries. Appellant objected to the issue upon the ground that it would not be negligence to operate the bus unless same was operated in excess of 35 miles per hour, and because as to whether such speed endangered the life, limb, or safety of appellee under the facts and circumstances surrounding the place was not the lawful test or criterion to fix liability. We think the issue correctly submitted the issue of negligence as raised by the pleadings and evidence, and fixed the liability of appellant for the injuries. West Texas Coaches v. Madi (Tex. Com. App.) 26 S.W. (2d) 199, where a similar charge is quoted with apparent approval.

■ The court instructed the jury that: "An unavoidable accident is an accident or occurrence happening suddenly and unexpectedly not occasioned by the negligence of any one, and an occurrence which could not have been foreseen, by the use of ordinary care."

The jury found that the collision was not the result of an unavoidable accident. Appellant objected to the above·definition because same could have misled the jury into belief that if the collision could have been foreseen by any one, whether a party to the suit or not, it would not be unavoidable. We do not think the issue susceptible of that construction, and there is nothing to indicate that the jury so considered it.

Appellant objected to the submission of issue No. 8 relative to the measure of damages, because it was not qualified or submitted on condition of the jury's preceding answers to issues of negligence submitted, and because same in effect instructed the jury that appellee was entitled to recover up to the amount alleged in the petition. The objection is without merit because the jury were instructed to answer "each" special issue upon a preponderance of the evidence, and there is nothing in the record which would indicate that they were misled into belief that the court was instructing them to find damages, but only in the event damages were sustained under the evidence.

Other objections were urged by appellant against the court's charge, but we find them to be without merit, and the judgment of the trial court will be affirmed.

Affirmed.