## JACKSON et ux. v. McCRARY.
### No. 4033.

Court of Civil Appeals of Texas. El Paso.
Feb. 6, 1941.

Rehearing Denied Feb. 27, 1941.

W. C. Roche and Travis White, both of El Paso, for appellants.

Robert L. Holliday and Harold L. Sims, both of El Paso, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of one of the District Courts exercising jurisdiction in El Paso County. Lester P. Jackson and Pauline Nash Jackson, as plaintiffs, sued Tom McCrary, as defendant, to recover damages for personal injuries alleged to have been inflicted upon plaintiffs and damage to their property by the negligence of defendant's agent, in leaving in the nighttime an unlighted truck parked upon the highway with which the automobile driven by plaintiff Lester Jackson collided, and thus inflicting injuries for which recovery was sought. Defendant answered by a general denial and detailed plea of contributory negligence. The trial was before the court and a jury. The case submitted to the jury upon special issues, and upon the verdict of the jury the court rendered judgment in favor of the defendant. This appeal was duly perfected by Lester P. Jackson and Pauline Jackson from the judgment entered.

A detailed statement of the pleadings is deemed unnecessary. The pleadings of the parties were sufficient in all respects to present the issues presented by this appeal.

The statement of the nature and result of the suit made in appellants' brief is not objected to by appellee, although some additions thereto are made in his brief. We shall adopt the statement made by appellants.

On the night of July 17, 1939, Mr. and Mrs. Lester P. Jackson, of Clint, were driving on the lower valley road on their way home from El Paso. With them were

two friends, John Brown and Guy Price. The night was unusually dark, the sky being heavily clouded, although there was no rain.

At about half past nine they passed another car, occupied by Mr. L. R. Lopez, of Fabens, and his wife and children, going in the opposite direction. The lights on the Lopez car momentarily interfered with Jackson's vision, but immediately after passing the Lopez car he saw standing in the road ahead of him a large truck, heavily loaded, without lights or warning signals of any kind. Jackson cut his car to the left in an effort to pass around the obstruction and avoid a collision, but did not succeed. The left-hand edge of the projecting body of the truck struck the right side of Jackson's car. Brown and Price, the two guests in Jackson's car, were killed. Mrs. Jackson was permanently injured; Jackson was injured also, though less seriously.

This is a suit by the Jacksons against the owner of the truck for their personal injuries and various items of property damage.

The defense charged Jackson with contributory negligence in several respects and also denied any negligence on the part of the truck driver. It was admitted that the truck was on the road without lights; but it was claimed that the lights went out suddenly because of the failure of a fuse; that the driver was obliged to inspect the side of the road to find out whether it was possible to drive off at that point without running into trees or ditches; that he made the inspection as quickly as possible and having ascertained that he could drive off, had just started to do so when the collision occurred.

The jury found that the truck driver was guilty of negligence proximately causing or contributing to cause the injuries complained of in leaving the unlighted truck in the highway too long, in failing to have a red light on the projecting load, in failing to keep a lookout, in failing to light the flares with which the truck was equipped, and in failing to give warning to the plaintiff.

They acquitted Jackson of contributory negligence in all respects except one. In answer to issues 26 and 27 they found that Jackson was operating his automobile at a "high, dangerous, and excessive rate of speed in view of the place and circumstances surrounding him at said time."

However, the jury also found that Jackson failed to slow down or to apply his brakes after seeing the truck, and that such failure was not negligence.

Plaintiffs' motion to set aside the verdict and grant a new trial on account of the conflict was overruled and judgment entered for the defendant.

The case is before us on two assignments of error; the first, in substance, asserting that on account of a material conflict in the findings of the jury the verdict was not sufficient to support the judgment entered; the second asserts error on account of the exclusion of evidence.

Issues ample to support a recovery by appellants were found in their favor. Hence support for the judgment entered must be based on the finding of the jury on the issue of contributory negligence. All issues, save one, submitting contributory negligence were found in favor of appellants. Special issues 26 and 27 found in favor of the defendant, and the findings of the jury thereon are as follows:

Special Issue 26: "Do you find from a preponderance of the evidence that just prior to or at the time of the collision in question, the plaintiff Lester P. Jackson operated his automobile at a high, dangerous and excessive rate of speed in view of the place and circumstances surrounding him at said time? Answer yes or no."

"We answer Yes."

Special Issue 27: "Do you find from a preponderance of the evidence that the operation by the said plaintiff of his automobile at a high, dangerous and excessive rate of speed, if you have found he so operated said automobile, was a proximate cause of, or proximately contributed to cause, the collision in question? Answer yes or no."

"We answer Yes."

In connection with special issue 26, "high, dangerous and excessive rate of speed" was defined, in substance, as a greater rate of speed than a person of ordinary prudence would have operated same under the same or similar circumstances.

It is asserted that the findings on these issues conflict with the findings of the jury on special issues 30 and 31; and likewise with the findings on special issues 33 and 34.

Special issues 30 and 31 and the findings of the jury thereon are as follows:

Special Issue 30: "Do you find from a preponderance of the evidence that the plaintiff Lester P. Jackson failed to slow his automobile after discovering defendant's truck on said highway? Answer yes or no."

"We answer Yes."

Special Issue 31: "Do you find from a preponderance of the evidence that the failure of the plaintiff Lester P. Jackson to slow down his automobile, after discovering defendant's truck upon said highway, if he did so fail, was negligence? Answer yes or no."

"We answer No."

Special issues 33 and 34, as follows:

No. 33: "Do you find from a preponderance of the evidence that the plaintiff Lester P. Jackson failed to apply the brakes on his automobile after discovering the defendant's truck upon said highway? Answer yes or no."

"We answer Yes."

No. 34: "Do you find from a preponderance of the evidence that the failure of the plaintiff Lester P. Jackson to apply the brakes on his automobile after discovering defendant's truck upon said highway, if he did so fail, was negligence? Answer yes or no."

"We answer No."

It will be observed that 30 and 31 submit almost the same issues as 33 and 34. The application of the brakes, we take it, was the means of slowing down,—perhaps not the only means in decreasing speed in a measure at least. For the purpose of the consideration of this assignment, the two findings alleged to be conflicting with issues 26 and 27 may be assumed as practically identical. Literally, 26 and 27 find that just prior to or at the time of the collision plaintiff operated his automobile at a negligent rate of speed, and such negligence proximately contributed to the collision. In 30 and 31, 33 and 34, that after the discovery of appellee's truck appellant's failure to slow down did not constitute negligence.

■ It is well established that if there be irreconcilable conflict between material findings in the verdict, that same will not support a judgment in favor of either party. Speer's Special Issues, p. 563, par. 434; Stiles v. Union Terminal Co., Tex.Civ. App., 1 S.W.2d 947; W. J. Stevens Co. v. Novice State Bank, Tex.Com.App., 2 S.W. 2d 419; Price v. Seiger, Tex.Com.App.,

49 S.W.2d 729; 41 Tex.Jur. p. 1226, par. 361, note 3.

■ It is likewise established that it is the duty of the trial court to reconcile apparent conflicts in the jury's answers, if it can be reasonably done, in the light of the facts of the particular case, the pleadings and evidence, the manner in which the issues were submitted, and in view of the other findings when considered as a whole. 41 Tex.Jur. p. 1224, par. 360.

It is clear here that the issues asserted to be in conflict are material issues. The findings on 26 and 27 control the judgment of the court. If these be nullified by conflict with 30 and 31, there is no basis for a judgment in favor of the defendant.

■ The question in this appeal, then, is, not as to the effect of an irreconcilable conflict, but as to whether or not there is such an irreconcilable conflict.

Special issues 26 and 27 cover the period of time just prior to or at the time of the collision in question; 30 and 31 cover the period of time lapsing from the discovery of the truck by Jackson until the collision.

The words "just prior to," as used in 26 conveyed the idea to the jury, "immediately preceding," or "just before"; that is, without appreciable lapsing of time before the accident. Missouri, K. & T. Ry. Co. of Texas v. Cardena, 22 Tex.Civ.App. 300, 54 S.W. 312; McGee v. West, Tex.Civ.App., 57 S.W. 928.

There was evidence that before the discovery of the parked truck by Jackson his vision had been interfered with by the lights of the Lopez car. Jackson said he saw the truck when he was 75 to 100 feet therefrom. This was an instantaneous impression formed upon questionable opportunity to make a correct estimate. The jury may have found he was much nearer. Evidently they discredited his testimony that he did slow down. The evidence, we think, would justify the inference that by an attempt to slow down after he saw the truck, the collision would neither have been averted nor minimized. In other words, that after perceiving the truck, it was too late to slow down. We take it that at all times a plaintiff is charged with the duty of exercising ordinary care for his own safety; likewise, that his duty to exercise due care does not exact the doing of a useless and futile thing. The law does exact of a plaintiff, even though he negligently places himself in a position of peril, due

care for his own safety. But even though, after being placed in a position of peril, he exercises due care, but through the operation of his prior negligence he is injured, he cannot recover. Batey v. Greenwood Floral Co., Tex.Civ.App., 113 S.W.2d 647, affords an illustration of this principle. There, the deceased was negligent in going behind the truck which he knew was about to be backed. There was also a finding that he was not negligent in failing to step clear after the truck started backing. The two findings were held not to constitute a conflict.

We hold that there was not such irreconcilable conflict in the verdict in the matters complained of as preclude the rendition of the judgment appealed from.

 The other assignment is as to the exclusion of evidence upon an issue which was found in favor of appellants. We deem it unnecessary to pass upon same.

It is ordered that the judgment be affirmed.