## MACARIO SANCHES V. SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY.

### No. 273.

1. **Negligence—May Become Question of Law.**
   Ordinarily negligence is a fact to be found or inferred from the testimony; but where, from the testimony on the issue of negligence, no inference but of negligence can be drawn, it becomes a question of law, and the court may instruct the jury that negligence has been established. See example. 119

2. **New Duty of Care Arising from Circumstances.**
   We understand the law to be, that though plaintiff (injured by a passing train) was guilty of negligence in attempting to go upon the track at a time and place where he knew a train was expected, and although the railway employes were guilty of no negligence until the engineer actually discovered plaintiff's peril, still the railway would be liable if, after such discovery, the engineer failed to use the greatest precaution to avoid injuring the plaintiff .......................................... ............. 120

3. **Practice.**
   There being no pleading raising the question of want of due care on part of the railway employes after noticing the danger threatening the plaintiff, the fact that the testimony shows that such issue might have been raised, will not require a reversal because such issue was not submitted in the charge to the jury ......... ...................................... ......... 120

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Nueces County.

The opinion contains a sufficient statement of the case.

*G. R. Scott & Bro.*, for plaintiff in error.—1. The entire question of negligence, the negligence of the defendant and the contributory negligence of the plaintiff, if any is alleged, is a question of fact for the exclusive determination of the jury. A charge which instructs the jury that certain acts amount to contributory negligence is an invasion of the province of the jury, is an instruction on the weight of the evidence, and is reversible error. Railway v. Murphy, 46 Texas, 356;

Railway v. Parker, 50 Texas, 330; Railway v. Miller, 51 Texas, 270; Railway v. Smith, 59 Texas, 406; Railway v. Wright, 62 Texas, 515; Railway v. Best, 66 Texas, 116; Chatham v. Jones, 69 Texas, 744; Railway v. Grenlee, 70 Texas, 553.

2. In a suit for personal injuries sustained by a passenger during the journey, charges based on the theory that the passenger was a trespasser at the time of receiving the injuries, and imposing on him the same degree of care that is required of a trespasser to avoid injury while on the premises of the carrier, are charges on the weight of the evidence, mislead the jury, and prejudice the rights of the plaintiff. Stewart v. Railway, 53 Texas, 289; 2 Am. and Eng. Encyc. of Law, 744, 745; Ormond v. Hayes, Receiver, 60 Texas, 180; Railway v. Gorbett, 49 Texas, 573; Railway v. Best, 66 Texas, 116; Hamilton v. Railway, 64 Texas, 251; Railway v. Wortham, 73 Texas, 25; Railway v. Miller, 79 Texas, 78; Railway v. Crispi, 73 Texas, 236; 4 W. & W. C. C., sec. 159; 2 Id., secs. 188, 305, 484; Schoul. on Bailm., p. 638; 2 Am. and Eng. Encyc. of Law, 761; Railway v. Sympkins, 54 Texas, 615; Railway v. Crosnoe, 72 Texas, 79.

*R. W. Stayton,* for defendant in error.—The charge of the court must be taken in its entirety, and if it then presents fairly the law applicable to the issues raised by the pleadings and sustained by the facts, there is no error, although an isolated charge taken disconnectedly might be in itself erroneous; and further, if the verdict of the jury is authorized by the facts, and justice in the case has been attained, a judgment rendered on such verdict will not be reversed on account of erroneous charges.

As to refusal to reverse on account of erroneous charge when justice has been done: Railway v. Delahunty, 53 Texas, 207; Bowles v. Brice, 66 Texas, 724; Sayles' Civ. Stats., art. 1318, note 3.

As to rule of negligence on part of the plaintiff: Railway v. Bracken, 59 Texas, 71; Railway v. Dean, 76 Texas, 73; Railway v. Kutac, 72 Texas, 643; Hoover v. Railway, 61 Texas, 503.

DENMAN, ASSOCIATE JUSTICE.—Plaintiff, Sanchez, in leaving one of the depots of defendant, stepped from the platform onto the track and started to walk along same, when he was struck from behind by an engine and seriously injured, for which he seeks to recover damages. At the time he stepped on the track he knew the train which struck him was expected to arrive about that time, and the direction from which it was coming. He did not see or hear the train as it approached. His view of the track in the direction from which it came was unobstructed for about a mile, and there was nothing to obstruct such view when he stepped on the track, at which time he looked in front of him to see where he was stepping, and did not raise his eyes from the place on which he was stepping. He could not hear the noise of the approach of the train or hear the sound of the bell or whistle,

on account of the noise produced by the escape of steam from an engine standing near the depot.

The above is substantially the testimony of plaintiff as to the circumstances attending the accident, and *no evidence* is found in the record tending in the slightest degree to destroy its probative force on the issue of plaintiff's negligence in going upon the track.

Ordinarily, negligence is a fact to be found or inferred from the testimony; but where from the testimony on the issue of negligence no inference but negligence can be drawn, it becomes a question of law, and the court may instruct the jury that negligence has been established. Railway v. Ryon, 80 Texas, 61. Such cases do not often occur. We are of opinion, that the undisputed evidence above stated, given by plaintiff himself, established the fact that he was guilty of negligence in going upon the track, and that the court might have so instructed the jury. . Therefore plaintiff can not complain of any errors in the charge on the issue of his negligence. Indeed, if the servants of the defendant had not discovered the peril of plaintiff, *whereby a new duty devolved upon them,* the court should have instructed a verdict for defendant. Railway v. Ryon, 70 Texas, 58; Railway v. Ryon, 80 Texas, 60.

McCarty testified for defendant as follows: "I was the engineer of the locomotive that ran upon plaintiff. As it approached the station house the fireman was ringing the bell. As the engine came up between the platform and the Corpus train, I saw plaintiff on the platform of the depot. He was then about fifteen feet from the edge of the platform, and was going in the direction of the edge of the platform towards the front of the engine. When I saw him he was walking, and I saw that he was about to go in front of the engine, and I applied the air to the brakes and reversed the engine so as to stop it in order to avoid danger to him. I did this as soon as I saw him going into the place of danger, and did all in my power to avoid the collision. He had a blanket thrown around his shoulders. I saw him step down off the platform in front of the engine, I suppose about two or three feet in front of the engine, and suppose he was instantly struck by the engine. The bell of the locomotive was ringing at the time he stepped off. It was impossible for me to stop the engine after seeing him going into the place of danger; that is, stepping off the platform in front of the engine. I was keeping a lookout in front of the engine as it came up. I did not sound the whistle of the locomotive in order to alarm the plaintiff, thinking that the safest thing to do under the circumstances was to reverse the engine and apply the air brakes in order to stop it as soon as possible. When I first saw plaintiff going into the place of danger, he was about fifteen feet from the edge of the platform where he stepped off the platform onto the track."

This evidence, if its introduction had been authorized by the pleadings, raised an issue upon which plaintiff might have recovered, though guilty of negligence in going upon the track. We understand

the law to be, that although plaintiff was guilty of negligence in attempting to go upon the track under the circumstances above stated, and although defendant was guilty of no negligence until the engineer *actually* discovered plaintiff's peril, still it would be liable if, *after such discovery,* the engineer failed to use the *greatest* precaution to avoid injuring plaintiff. The charge of the court ignored this phase of the case, by directing the jury to find a verdict for the defendant if they believed plaintiff was guilty of negligence in going upon the track, and no special charge was given authorizing plaintiff to recover in any event, if he was guilty of negligence in going upon the track.

We are of the opinion, that the jury might have found that the engineer was guilty of negligence in failing to blow the whistle to warn plaintiff after he saw him going into the place of danger, as testified by him above, and that if so, plaintiff would have been entitled to recover, though negligent in attempting to go upon the track; and that therefore the charge of the court was erroneous, if the pleadings had presented the issue that the defendant was guilty of negligence by reason of the failure of the engineer or servants in charge of the train to warn plaintiff after they discovered his peril.

Upon this supposed error in the charge the writ of error was granted; but upon a careful inspection of the record of the case now before us, we find that the petition, which sets up in detail various acts as negligent, nowhere alleges that the engineer or servants in charge of the train saw plaintiff going into danger, or were guilty of any negligence in failing to warn him after they discovered his peril. There is no pleading raising the issue presented by the testimony of the engineer, but the petition alleges that plaintiff could not have heard the whistle if blown; and therefore such testimony, though admitted without objection, could not support a recovery; and since, in our opinion, there was no other phase of the evidence which would have authorized a verdict for plaintiff, the court should have instructed a verdict for defendant, and therefore plaintiff can not complain of any error of the court in giving or refusing charges.

The judgment is affirmed.

*Affirmed.*

Delivered March 21, 1895.