## TEXAS & P. RY. CO. v. HILGARTNER.

(Court of Civil Appeals of Texas. El Paso. June 6, 1912. Rehearing Denied Oct. 9, 1912.)

1. APPEAL AND ERROR (§ 1075*)—REVIEW—WAIVER OF ASSIGNMENTS.

A court on appeal will not consider an assignment of error waived by counsel in open court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §, 4253; Dec. Dig. § 1075.*]

2. RAILROADS (§ 347*)—INJURIES TO PERSONS AT CROSSINGS—EVIDENCE—RULES OF RAILROAD ON WHICH DEFENDANT WAS OPERATING TRAIN.

Where, in an action for damages from a collision between the defendant's train and the plaintiff's automobile, the defendant was shown to have been at the time operating its train on the track of another railroad, rules of such other railroad, admittedly binding on the defendant while so operating its trains, and which were designed to properly protect persons lawfully upon or crossing the tracks, were properly admitted in evidence on the question of negligence, though not made for the particular benefit of plaintiff, or known to him or to the public.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1124–1137; Dec. Dig. § 347.*]

3. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action for damages for a collision between plaintiff's automobile and defendant's train at a crossing, a charge stating the defendant's duty in the operation of its trains was not improper as on the weight of the evidence, where the uncontroverted evidence showed that the duty was as stated.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

4. TRIAL (§ 296*)—INSTRUCTIONS—WEIGHT OF EVIDENCE—CURE BY OTHERS GIVEN.

Though, in an action for damages for the hitting of the plaintiff's automobile by the defendant's train at a street crossing, the court may have instructed that defendant was bound to take certain precautions in moving their cars, and such statement was on the weight of the evidence, where it was in the preliminary portion of the charge in which the court was generally instructing the jury as to the duties of the defendant, rather than in the part which affirmatively submitted the case to the jury, the manner of which was not complained of, it cannot be relied on as error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 716, 718; Dec. Dig. § 296.*]

5. TRIAL (§ 260*)—SPECIAL INSTRUCTIONS INCLUDED IN MAIN CHARGE.

A special charge requested was properly granted where the principles of law announced were not fully covered by the main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

6. RAILROADS (§ 351*)—INSTRUCTIONS—SPECIAL INSTRUCTIONS INCLUDED IN MAIN CHARGE.

In an action for damages resulting from a collision between the plaintiff's automobile and the defendant's railroad train, a special charge requested, relieving defendant from any negligence arising from its failure to stop the train after the discovery of the plaintiff's peril, was properly refused, though it was otherwise correct.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1211, 1213–1215; Dec. Dig. § 351.*]

7. RAILROADS (§ 351*)—INSTRUCTIONS—SPECIAL INSTRUCTIONS INCLUDED IN MAIN CHARGE.

In an action for damages resulting from a collision between the plaintiff's automobile and the defendant's railroad train, a special charge that it was contributory negligence on the part of the plaintiff to approach the crossing at which the car was hit at a greater speed than six miles per hour was properly refused, where, by city ordinance, it was not negligence per se to approach the crossing unless the speed exceeded eight miles.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1211, 1213–1215; Dec. Dig. § 351.*]

8. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS—CONTENTS INCLUDED IN OTHERS GIVEN.

Special charges requested were properly refused where their substance was included in another given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

9. RAILROADS (§ 327*)—INJURIES TO PERSONS AT CROSSINGS—DUTY TO STOP, LOOK, AND LISTEN.

It is error to charge that it is the duty of one approaching a railroad crossing to stop, look, and listen in order to discover whether he may cross the track with safety, even though he be driving an automobile.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1043–1056; Dec. Dig. § 327.*]

10. TRIAL (§ 194*)—INJURIES TO PERSONS AT CROSSINGS — CONTRIBUTORY NEGLIGENCE — JURY QUESTION.

In an action for damages from a collision between the plaintiff's automobile and the defendant's train, an instruction to find for the defendant if the plaintiff approached the track without stopping, looking, and listening to determine whether he could cross in safety, was properly refused for its assumption as a matter of law that the plaintiff's failure was negligence which directly contributed to the accident.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

11. TRIAL (§ 194*) — SPECIAL CHARGES — WEIGHT OF EVIDENCE.

In an action for damages for collision between plaintiff's automobile and defendant's train at a crossing, a special charge that if the buildings, structures, and obstructions of view surrounding the track as plaintiff was approaching it were such that he could not see the train crossing the street until it had gotten to the edge or onto such street, it was the duty of the plaintiff to use care proportionate to the situation in approaching the track in order to ascertain whether there was a train thereon, greater than it would have been if his view up and down the track had been unobstructed, was properly refused as on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by W. B. Hilgartner against the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Peyton F. Edwards, of El Paso, and W. L. Hall, of Dallas, for appellant. Z. L. Cobb and M. Nagle, both of El Paso, for appellee.

HIGGINS, J. This is an appeal by the appellant from a judgment in favor of appellee for damages resulting from a collision between an automobile car driven by the appellee and a railway train of the appellant. The accident occurred about 1 o'clock at night, in the city of El Paso, and at the intersection of Oregon and Main streets. The track of the Galveston, Harrisburg & San Antonio Railway Company, upon which appellant's train was being operated at the time of the accident, runs east and west upon Main street, and appellee was driving his car upon Oregon southward, and collided with the train of appellant, which consisted of an engine and several passenger cars, moving in a westerly direction; the engine being upon the eastern end of the train.

[1] The first assignment of error complains of the refusal of the court to grant the petition for the removal of the cause to the federal court, but is not considered, for the reason that counsel in open court waived this assignment and requested the court not to consider same.

The third and fourth assignments complain of the refusal of the court to peremptorily instruct a verdict for the defendant, based upon the proposition that the testimony in the case conclusively shows as a matter of law that appellee was guilty of negligence directly contributing to the accident. These assignments are overruled. It is unnecessary for us to discuss the evidence in detail, but it is sufficient to say that under the testimony disclosed by this record the issue of contributory negligence was properly submitted to the jury.

[2] The fifth assignment of error is that the court erred in overruling appellant's objection to the introduction of railroad rules Nos. 24 and 101. The rules referred to were certain private rules and regulations promulgated by the Galveston, Harrisburg & San Antonio Railway Company, and it was admitted that these rules were binding upon the appellant when it was operating its train upon the Galveston, Harrisburg & San Antonio tracks, and, as heretofore stated, appellant's train causing the injury at the time thereof was being operated upon the track of the Galveston, Harrisburg & San Antonio in the city of El Paso. The rules read as follows:

"24. When cars are pushed by an engine (except when shifting or making up trains in yards) a white light must be displayed on the front of the leading car by night."

"102. When cars are pushed by an engine (except when shifting and making up trains in yards) a flagman must take a conspicuous position on the front of the leading car and signal the engineman in case of need."

The objections urged are that they are irrelevant and immaterial and were not the law, were not made for the benefit of plaintiff or known to him or to the public, and that proof of the violation of the same, if any, would not establish or tend to establish that the servants of the defendant were not using due care in operating said cars, and that the introduction of such rules was calculated to injure the defendant.

Without discussing these objections in detail, it is sufficient to say that they were properly admitted in evidence, because they were rules made and promulgated by the Galveston, Harrisburg & San Antonio Railway Company for the government of its employés in operating trains within its yards so as to properly protect and avert injury to persons lawfully upon or crossing its tracks. It is immaterial whether they were made for the particular benefit of plaintiff or known to him or to the public, but was evidence of the proper precaution that should be taken in operating trains at the place this accident occurred, and the violation of such regulations would be a proper matter for consideration by the jury in passing upon the question of negligence.

[3] The sixth assignment is as follows: "The court erred, in the fourth paragraph of its charge, in instructing the jury that it was, among other things, recited in said paragraph, 'the duty of the railroad company in the movement and operation of its trains at night, to place or display a white light on the front of the leading car, and to place a flagman at a conspicuous place on the front of the leading car.' "

The first proposition urged in support thereof is that it was erroneous because based upon evidence that should have been excluded by the court. For the reasons just indicated, we are of the opinion that the rules upon which this portion of the charge is predicated were properly admissible in evidence. The further proposition is urged that it was upon the weight of the evidence. Considered alone, it might so appear; but the uncontroverted evidence showed, by the rules quoted and otherwise, that it was the defendant's duty to have a light and flagman upon the rear end of its train, and that it was the duty of the flagman to signal the engineman in case of need. It was therefore not improper for the charge to so state the defendant's duty. Pac. Express Co. v. Walters, 42 Tex. Civ. App. 355, 93 S. W. 496; Railway Co. v. James (Sup.) 10 S. W. 332; Railway Co. v. Connell, 29 S. W. 557.

[4] From an examination of the whole of this paragraph, it will thus be noted, also, that, while the court directly instructed the jury that it was its duty to place or display a white light on the front of the leading car and place a flagman thereon to signal

the engineman in case of need, the question whether or not a failure so to do was negligence was left to the jury for their determination, and, taken as a whole, we think the question of negligence predicated upon the failure to observe the rules was fairly submitted. Furthermore, the language complained of occurred in the preliminary portion of the charge in which the court was giving its general instructions to the jury as to the duties of the defendant, and not in that part which affirmatively submitted the case to the jury for its finding, and the manner in which the case was so submitted to the jury for its finding upon this issue is not complained of, and was properly submitted and precludes the idea that the appellant was injured by that portion of the charge here complained of. Railway Co. v. Bank, 47 Tex. Civ. App. 283, 112 S. W. 591; Thompson v. Compress Co., 48 Tex. Civ. App. 235, 106 S. W. 473.

[5] Error is assigned to the action of the court in giving a special instruction requested by the appellee, as follows: "You are instructed that even though you may believe from the evidence that at and just prior to the collision complained of the plaintiff was running his automobile at an excessive rate of speed and in excess of the speed as provided by the ordinances of the city of El Paso for said place, and that plaintiff was negligent in so doing, if he did so, but if you further believe from the evidence that the speed at which plaintiff was running his automobile did not proximately cause or contribute to cause the collision and consequent injuries, if any, to plaintiff and his automobile, then in such event, if you so find, you are instructed that you cannot find against the plaintiff on the ground of his running his automobile at an excessive rate of speed in excess of the speed limit at such place, if he did so."

The contention is that the matter presented by this special charge was fully covered by the main charge, and by the giving of the special charge undue prominence was given to the theory of the appellee presented thereby. We do not think, however, that this theory of the appellee was fully covered by the main charge, and under such circumstances it was his right to prepare and have given a charge submitting in a concrete form his theory of his right of recovery, and the court therefore did not err in giving the charge. Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Railway Co. v. Bolgiano, 109 S. W. 388.

[6] Special instruction No. 6 requested by appellant was properly refused. While it is in the main correct, yet not wholly so, because by its concluding paragraph it wholly relieved the appellant from any negligence arising from his failure to stop the train after the discovery of appellee's peril.

[7] Special charge No. 7 was incorrect and was properly refused. Under the city ordinance it was not negligence per se to approach the railroad crossing at Main and Oregon streets unless the rate of speed exceeded eight miles per hour, and this charge in effect instructed the jury that it was contributory negligence on the part of appellee to approach the intersection at a greater rate of speed than six miles.

[8] Furthermore, special charge No. 5, requested by appellant, embodied the issues presented by said special charges Nos. 6 and 7, and it was therefore proper on part of the court to refuse other special charges presenting the same issues.

[9] Error is assigned to the refusal of the court to give a special charge requested by appellant, which reads as follows: "It is the duty of one driving an automobile and intending to cross a railway track to stop and look and listen and ascertain that the crossing was clear before going upon the track. And in this case, as plaintiff did not stop to look and listen, in order that he might ascertain whether he could cross the railway track with safety, you will find in favor of the defendants."

The courts of this state have uniformly held that it would be error for a court to charge that it is the duty of one approaching a railroad crossing to stop, look, and listen, and we know of no reason why this rule should be changed because one is approaching in an automobile.

[10] Even if such were his duty, it would still have been improper for the court to have assumed as a matter of law that such failure was contributory negligence which directy contributed to the accident, which is the effect of this special instruction.

[11] Special charge requested by appellant, reading as follows: "If the buildings, structures, and obstructions of view, surrounding the track, as plaintiff was approaching same, were such that he could not see the train crossing Oregon street until same had gotten in the edge or on Oregon street, upon which he was traveling, it was the duty of plaintiff to use care proportionate to the situation in approaching the track, in order to ascertain whether or not there was a train upon the track (greater) than it would be if his view up and down the track was unobstructed"—was properly refused, because it was upon the weight of the evidence.

Special charge No. 4, the subject of the eleventh assignment of error, is argumentative and upon the weight of the evidence, and was also properly refused.

Finding no error, the judgment is in all things affirmed.

PETICOLAS, C. J., did not sit in this case.