INTERNATIONAL & G. N. RY. CO. v. WALKER.

(Court of Civil Appeals of Texas. San Antonio. Dec. 17, 1913.)

1. APPEAL AND ERROR (§ 882*)—INVITED ERROR.

In an action against a railroad company, where it set up contributory negligence, and the court charged generally on that issue, its request of a special charge on that issue will not, upon the theory of invited error, preclude it from attacking on appeal the sufficiency of the evidence to warrant any verdict in favor of plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

2. RAILROADS (§ 350*)—CROSSING ACCIDENTS —LOOK AND LISTEN.

The failure of a person to stop, look, and listen before going upon a railroad crossing will not render him guilty of negligence as a matter of law.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

3. RAILROADS (§ 348*)—CROSSING ACCIDENTS —EVIDENCE—SUFFICIENCY.

In an action against a railroad company for personal injuries received at a crossing, evidence *held* sufficient to support a judgment for plaintiff.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1138–1150; Dec. Dig. § 348.*]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Ganahl Walker against the International and Great Northern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Wilson, Dabney & King, of Houston, and Cobbs, Eskridge & Cobbs and Texas Schramm, all of San Antonio, for appellant. Reagan Houston, Perry J. Lewis, and H. C. Carter, all of San Antonio, for appellee.

FLY, C. J. This suit was instituted by appellee to recover damages alleged to have been sustained by him from personal injuries inflicted through the negligence of appellant. It was alleged that appellee was crossing appellant's railroad, in an automobile, in San Antonio, at a public crossing on Woodlawn avenue, a much used highway,

and that appellant failed to give any signals of the approach of the train, and negligently ran into the automobile and injured appellee. Appellant charged contributory negligence upon the part of appellee. A trial by jury resulted in a verdict and judgment in favor of appellee for $5,000.

[1] There are but three assignments of error, all of them assailing the sufficiency of the evidence to sustain any verdict in favor of appellee, and consequently necessitates a review of the whole testimony, unless appellant has lost the right, as insisted by appellee, to have the testimony reviewed by this court, by reason of having requested charges grouping the facts as to contributory negligence. We do not think that the rule of invited error can be applied to a case like this, where the court had submitted the question of contributory negligence in the general charge, and appellant merely followed it up with a special charge on the same subject. How appellant, who insisted in the lower court that appellee should not recover, because of his contributory negligence, is precluded from raising that question in this court on account of asking a charge on the subject on the trial below does not appear to this court. That seems to be the theory advanced in Railway v. Smith, 155 S. W. 361, but it will not be applied in this case. The doctrine of invited error has always been upheld by this court, but none of the opinions of this court cited by appellee goes to the extent of the case above cited. If appellant had contended in the lower court that there was no evidence of contributory negligence, and then had asked a charge embodying that theory, it might be said that the right to raise that question in this court had been lost, but appellant insisted in the trial court that there was contributory negligence on the part of appellee, and can so insist in this court, no matter how many special charges it requested.

[2, 3] The evidence of appellee shows that he was driving an automobile, occupied by him and Mrs. Mamie Turley, eastward on Woodlawn avenue, San Antonio, and as appellee endeavored to cross the track in front of a swiftly moving train, the automobile was struck by the locomotive and injured. It was about 11 a. m. that the accident occurred. Appellee testified that he did not see nor hear the train until he was 10 or 12 feet from the track; that the bushes were so thick near the track that they obstructed his vision so that he could not see the train until sharp, rapid blasts of the whistle were given, when it was so close that he could not stop his automobile. The train was, at the time the blasts were given, 50 or 75 feet from the crossing. No signals had been given before those mentioned. The train was going south; that is, going into the city of San Antonio. The train was moving rapidly. After trying to stop his car appellee put on speed in an attempt to cross over, finding that he could not stop before reaching the crossing. He testified: "I say when I first saw the train it was 50 or 75 feet away from me, coming towards me very rapidly, and that was when I was about 10 or 12 feet distant from the track, and I chose the course that I thought was safest; if I had continued to try to stop, I knew it was a certainty of getting hit, because I would have been right in the middle of the track, and I was afraid that my car would stop right on the track, and I thought the safer course in the emergency was to try to get out of the way." Appellee did not stop, look, or listen as he approached the crossing. Appellant seems to have been exceeding the rate of speed prescribed by the ordinances of the city of San Antonio, and if the testimony of appellee is to be credited, the statutory signals were not given by appellant on approaching the street crossing.

The jury has found that appellant was guilty of negligence, and that appellee was not guilty of contributory negligence. Whatever may be the rule in the states from which the numerous cases cited by appellant have been selected, it is not the rule in Texas that it is negligence per se for a person not to stop, look, and listen before going upon a railroad crossing. A failure to use such precautions is a matter of fact to be considered by a jury. The overwhelming weight of authority in Texas is to the effect that, in the absence of a statute, the failure of a person approaching a railroad crossing to stop, look, and listen does not render him guilty of contributory negligence as a matter of law. The authorities on the subject are collated in volume 5, Encyclopedic Dig. Tex. Rep., Tifle, Crossings, pp. 731, 732.

The judgment is affirmed.