TROCHTA et al. v. MISSOURI, K. & T. RY. CO. OF TEXAS. (No. 2914.)

(Commission of Appeals of Texas, Section "A." March 3, 1920.)

1. RAILROADS ⬅➡338—FAILURE TO EXERCISE ORDINARY CARE TO AVOID INJURY AFTER DISCOVERING PERIL ACTIONABLE.

If an engineer, discovering the peril of a driver approaching track, fails to exercise ordinary care to avoid injury, the railroad is liable, notwithstanding the driver's contributory negligence.

2. RAILROADS ⬅➡338—ENGINEER DISCOVERING PERIL OF NEGLIGENT DRIVER REQUIRED TO EXERCISE ORDINARY CARE.

The test of liability for injury to one who negligently drives upon a crossing is not whether the engineer on discovering the peril did what he thought proper in the emergency to avoid the collision, but whether he did what a man of ordinary prudence would have done under the circumstances, he being required to exercise ordinary care, and the care must be proportionate to the danger.

3. RAILROADS ⬅➡350(33) — NEGLIGENCE OF ENGINEER DISCOVERING PERIL OF NEGLIGENT DRIVER QUESTION FOR JURY.

In an action for death of one who negligently drove upon a crossing whether the engineer after discovery of peril exercised the degree of care which a person of ordinary prudence would have exercised under the same circumstances *held* a question for the jury.

4. RAILROADS ⬅➡338 — ENGINEER'S FAILURE TO WHISTLE AFTER DISCOVERING NEGLIGENT DRIVER'S PERIL ACTIONABLE.

Where the engineer failed to sound whistle after discovering the peril of a driver, and where such neglect was the proximate cause of the injury, railroad was liable, notwithstanding the driver's contributory negligence.

5. RAILROADS ⬅➡350(16)—FAILURE TO LOOK AND LISTEN NOT NEGLIGENCE AS A MATTER OF LAW.

Generally the failure of one about to go over a public railroad crossing to look and listen does not of itself constitute negligence as a matter of law.

6. RAILROADS ⬅➡350(16)—DRIVER'S CONTRIBUTORY NEGLIGENCE QUESTION FOR JURY.

Whether a wagon driver killed at a crossing was negligent in failing to look and listen *held*, under the evidence, a question for the jury.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by Marie Trochta and another against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiffs reversed by Court of Civil Appeals (181 S. W. 761), and plaintiffs bring error. Judgment of Court of Civil Appeals reversed, and judgment of district court affirmed.

A. E. Wood, of Granger, and Bryan, Stone & Wade, of Ft. Worth, for plaintiffs in error.

Spell & Sanford, of Waco, and Wilcox & Graves, of Georgetown, for defendant in error.

STRONG, J. This action is by Marie Trochta, for herself and as next friend of Franciska Trochta, to recover damages for the death of Joseph Trochta. The facts, briefly stated, show that deceased lived five or six miles south of Granger, in Williamson county. In going to and returning from the town of Granger, he traveled the Granger-Taylor public road, which crossed defendant's line of railroad at right angles about one mile and a half south of said town. On August 13, 1913, while returning in an empty wagon from Granger to his home, Trochta was killed at this crossing by a collision between his wagon and a west-bound passenger train of defendant. The evidence shows that there was a heavy growth of timber in the angle formed by the public road and the railroad, which prevented one approaching the railroad, as deceased was, from seeing a train coming from the east, until he had entered upon the right of way. However, when deceased reached the line of the right of way, about fifty feet distant from the railroad track, he could have seen the approaching train, if he had been looking in that direction, at a distance of 194 yards; and when he had advanced fifteen feet further, he could have seen the train a distance of at least a half mile.

The jury found, in answer to special issues submitted, that the engineer did not give the statutory signal for the crossing, and that he was negligent in approaching the crossing at an unreasonable and dangerous rate of speed, and further found that when the engine was within about 100 yards of the crossing, the employés in charge thereof saw deceased approaching the crossing, realized his danger, and failed to sound the whistle to warn him, and that such failure was negligence directly causing the collision. Upon the issue of contributory negligence, the jury found that before driving upon the crossing deceased did not look, listen, or do any other act to discover the approaching train, but that his failure to do so did not constitute negligence on his part.

The trial court rendered judgment for plaintiffs, assessing the damages in accordance with the verdict of the jury. The Court of Civil Appeals reversed and remanded the cause for another trial, holding that under the findings of the jury deceased was guilty of contributory negligence as a matter of law, and that plaintiffs were not entitled to recover upon the issue of discovered peril. 181 S. W. 761.

[1, 2] It is not necessary, under the view

we take of the case, to determine whether under the facts found by the jury deceased was guilty of contributory negligence. The law is well settled that, although deceased may have been guilty of contributory negligence in going upon the track, still, if the engineer after discovering his peril failed to exercise ordinary care to avoid injuring him, the defendant would be liable. The petition contains a specific allegation that the engineer, after discovering the peril of deceased, was negligent in failing to sound the whistle to warn him of the approach of the train. The engineer testified that when the engine was within about 100 yards of the crossing, he saw deceased (who was then about 35 feet from the track), and realized his danger; that he did not sound the whistle, but, instead immediately reversed the engine, thinking this the only recourse to avoid the collision. He further testified that it was impossible to both sound the whistle and reverse the engine at the same time, as it required the use of both hands to reverse the engine. The Court of Civil Appeals held that, as it appeared from the testimony that the engineer pursued the course which to him seemed proper in the emergency to avoid the injury, the jury was not justified in finding that he was guilty of negligence in failing to sound the whistle. As we understand the rule, the test is not whether the engineer did what he thought proper in the emergency to avoid the collision, but whether he did what a man of ordinary prudence would have done under the circumstances. What the law requires in such emergencies is the exercise of ordinary care to avoid the injury. The care must, of course, be proportioned to the danger; but what acts and expedients constitute it in a given situation is a question to be determined by the jury from the evidence. Railway Co. v. Reynolds, 103 Tex. 31, 122 S. W. 531.

In the above case, in discussing this question, Judge Williams says:

"The evidence shows that several things suggested themselves as proper to be done, and that some of these were done, or attempted, by the employés to avert the collision. Was it best for the employés to do as the jury might find they did, or that they should have directed their attention more to the stopping of the engine? Was what they did in the emergency in which they thus suddenly found themselves the exercise of that kind and degree of care that men of ordinary prudence would have used in their situation? We think it quite clear that these are questions to be determined by the jury and to be determined from the facts and circumstances as they existed and appeared at the time, and not by looking backward and inquiring merely whether or not the event proved that some other course than that pursued would have been more effectual in preventing the injury. * * * The most complete diligence to stop an engine, while under some conditions constituting all that could be expected, might, under others, be less than the full performance of the duty to exercise the care of an ordinarily prudent person. In some situations warnings and other expedients are more effectual than any effort to stop would be. Sanches v. San Antonio & A. P. Ry. Co., 88 Tex. 120 [30 S. W. 431]. While we are far from any purpose to relax the requirement which the law, for the preservation of life, makes of those controlling agencies in the operation of which [it] is put in peril, we must hold that such requirement is that they exercise the care which persons of ordinary prudence would employ in situations involving such immediate danger, and that the jury are the judges as to what measures of diligence are necessary to constitute that care under given circumstances."

The cases of Railway v. Hodges, 102 Tex. 524, 120 S. W. 848, and Sanches v. Railway, 88 Tex. 117, 30 S. W. 431, are to the same effect. In the latter case, as in this, the engineer testified that upon realizing plaintiff's danger, he exerted all of his energy in an effort to stop the train, thinking that the best thing to do, but did not sound the whistle to warn plaintiff. Commenting upon this testimony, Judge Denman says:

"We are of the opinion that the jury might have found that the engineer was guilty of negligence in failing to blow the whistle, * * * and that, if so, plaintiff would have been entitled to recover, though negligent in attempting to go upon the track."

[3, 4] The jury found that the engineer was guilty of negligence in failing to sound the whistle, and that such negligence was the direct cause of the collision. This was a finding in effect that a man of ordinary prudence, under the circumstances, upon discovering the peril of deceased, would have sounded the whistle, instead of attempting to slow up the train. To relieve defendant of liability on the ground that the engineer did what he thought proper in the emergency to avoid the injury would, in effect, abolish the doctrine of discovered peril, except in cases of willful injury. The test of liability is not whether the engineer after discovering the peril of deceased acted in good faith in an effort to avoid the injury, but whether he acted as a man of ordinary prudence would have acted under the circumstances. This was a question to be determined by the jury from the evidence. The jury having found that the engineer was guilty of negligence in failing to sound the whistle, and that such negligence was the proximate cause of the collision, the trial court properly rendered judgment for the plaintiffs.

We are of the opinion that the judgment of the Court of Civil Appeals should be reversed, and that of the trial court affirmed.

PHILLIPS, C. J. [5, 6] Under the facts of this case there is in our opinion no warrant for not applying to it the general rule

prevailing in this State, that the failure of one about to go over a public railroad crossing to look and listen for an approaching train, does not, of itself, constitute negligence as a matter of law. Here, the question as to whether, under all the circumstances, Trochta was guilty of negligence in not looking or listening for the train, was for the jury. The jury determined it against the defendant.

For this reason, as well as that announced in the opinion of the Commission of Appeals, the judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.