### GALVESTON, H. & S. A. RY. CO. et al. v. PRICE. (No. 6178.)

(Court of Civil Appeals of Texas. Austin. March 17, 1920. On Motion for Rehearing, May 12, 1920.)

1. **Railroads** ⊙⟳350(13)—**Contributory negligence ordinarily question for jury.**

Ordinarily, where a person is injured on a road crossing by a railroad train, the question of contributory negligence is one for the jury.

2. **Railroads** ⊙⟳350(16)—**Contributory negligence in failing to look and listen question for jury.**

The mere failure to look and listen before entering on a railroad track at a public crossing is not negligence as a matter of law; but whether, under the circumstances, a reasonably prudent man would have so acted is for the jury.

3. **Appeal and error** ⊙⟳999(3)—**Jury finding against contributory negligence not disturbed, if reasonable minds can differ.**

Unless the appellate court can say, from all the undisputed facts and circumstances of the case, that no reasonable mind can draw any conclusion except that plaintiff was negligent in crossing a railroad track without listening or looking, the jury's finding that such act was not negligent will not be disturbed.

4. **Railroads** ⊙⟳348(10)—**Jury may find freedom from negligence in reliance on signal before starting engine.**

While as a general rule reliance on due care by the railroad company's servant does not excuse negligence by a person crossing the track, the jury may find absence of negligence, where the pedestrian saw a train standing near the crossing, and relied on notice of starting the train by ringing a bell or blowing the whistle.

5. **Negligence** ⊙⟳135—**Jury can affirm facts negativing contributory negligence, whose existence is not excluded by evidence.**

Where there were any facts or circumstances excluding contributory negligence, the existence of which was not excluded by the testimony, the jury may be justified in indulging in the supposition that such facts did exist.

6. **Railroads** ⊙⟳352—**Special findings held not to show contributory negligence.**

Special findings that a train was moving when deceased stepped on the track at a crossing without stating whether the track referred to was the one on which the train was, or another, and that deceased entered the track from a safe place, do not entitle the railroad company to judgment, notwithstanding a finding that deceased was not contributorily negligent.

7. **Death** ⊙⟳99(4)—**$4,000 for death of husband held not excessive.**

A verdict awarding $4,000 for the death of plaintiff's husband is not so excessive that a remittitur will be ordered to prevent reversal, since every husband has for his wife a pecuniary value beyond the amount of his earnings, which value can be assessed by the jury by the exercise of their best judgment.

8. **Trial** ⊙⟳350(3)—**Special issue as to earnings properly refused as evidentiary.**

In an action for death of plaintiff's husband, a special issue as to the earning capacity of deceased was properly refused, since it was only as to an evidentiary fact.

#### On Motion for Rehearing.

9. **Railroads** ⊙⟳350(16)—**Contributory negligence of pedestrian held question for jury.**

In an action for the death of a pedestrian at a railroad crossing, contributory negligence *held* a question for the jury, notwithstanding evidence that he stepped on the track directly in front of the moving train without looking.

Appeal from District Court, Caldwell County; M. C. Jeffrey, Judge.

---

⊙⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by M. S. Price against the Galveston, Harrisburg & San Antonio Railway Company and others. Judgment for plaintiff, and defendants appeal. Affirmed, and motion for rehearing overruled.

Page & Jones, of Bastrop, M. O. Flowers, of Lockhart, and Baker, Botts, Parker & Garwood, of Houston, for appellants.

Nye H. Clark and E. B. Coopwood, both of Lockhart, for appellee.

## Findings of Fact.

JENKINS, J. Appellee brought this suit to recover damages on account of the death of her husband, who was run over and killed by the cars of appellant, and which was alleged to have occurred by reason of the negligence of appellant. The case was submitted upon the following special issues:

"1. Was the said W. T. Price struck by defendant's cars on a public street crossing?" To which the jury answered, "Yes."

"2. Was the bell ringing as the engine and cars approached the said street crossing?" To which the jury answered, "No."

"3. Were the parties in charge of said train of cars guilty of negligence in running said cars over and killing the said W. T. Price?" To which the jury answered, "Yes."

"4. Did the parties in charge of said train keep a lookout ahead of said train, in passing over the public street crossing where it is alleged said W. T. Price was killed, to see that no one was on said crossing and in danger of being injured by said train?" To which the jury answered, "No."

"5. If the parties in charge of said train had kept a lookout in front of said train in crossing said street crossing, could they have discovered the danger of said W. T. Price, by the exercise of ordinary care as that term has been defined, in time to have prevented killing him?" To which the jury answered, "Yes."

"6. Was there any obstruction to prevent deceased from seeing the engine and coal car ahead of it, when he approached the track from the north?" To which the jury answered, "No."

"7. Did deceased, W. T. Price, stop, look, and listen for a train of cars before entering upon defendant's track?" To which the jury answered, "No."

"8. Was the deceased, W. T. Price, guilty of contributory negligence, as that term has been defined?" To which the jury answered, "No."

"9. Did the defendants and their employés use and exercise ordinary care, as that term is herein defined, to prevent injury to persons who might be passing over said street crossing, as they were approaching said crossing?" To which the jury answered, "No."

"10. Was there a brakeman or brakemen on the west end, on the south side of the car that struck said W. T. Price, and at the time the said Price was so struck?" To which the jury answered, "No."

"11. What sum of money, if paid now, would fairly compensate the plaintiff for the pecuniary loss, if any, sustained by her by reason of the death of her husband?" To which the jury answered, "$4,000."

At the request of appellant, the court gave the following special charge:

"Gentlemen of the Jury: You are charged that if you believe from the evidence that said W. T. Price, when he was struck by said car, was west of the street crossing, then he was a trespasser on the property of defendant, and the trainmen operating said train owed said W. T. Price no duty to exercise ordinary care to prevent his injury, and if you so find you will return a verdict for the defendants."

Also, at the request of appellant, the court submitted the following special issues:

"1. Was said coal car and engine moving at the time said W. T. Price entered upon the track of defendant, and, if so, did said Price step immediately in front of said car and engine?" To which the jury answered, "Yes."

"2. Was the bell ringing just prior to the time of the accident, and just before the deceased entered upon said track?" To which the jury answered, "No."

"3. Was said train and engine stationary on said street crossing, and, if so, did they move forward just prior to said accident?" To which the jury answered, "No."

"4. Was the deceased, W. T. Price, struck by the car in front of the engine, at a point on the west of the gravel walk along the public street?" To which the jury answered, "No."

"5. Did deceased, W. T. Price, enter upon defendant's track from a safe place?" To which the jury answered, "Yes."

The evidence sustains all of the above findings by the jury. The deceased was run over and killed while crossing the principal street in the town of Caldwell, in the afternoon on a Saturday, and at a time when there was a large number of people in said town. The street runs north and south. At the place where it crosses the railroad, there are three tracks; the main track being in the center, the team track about 15 feet to the north, and the house track about the same distance to the south. The deceased was on his way to his home from the business portion of the town. He was seen by the witness Mrs. Palmer, who was crossing the street from the south side. Whether this witness saw the deceased as he stepped upon the main track, or as he stepped upon the team track, is somewhat uncertain. She states that at the time she saw him he appeared to be reading a paper; that he stepped across the north rail of the main track at a time when the coal car, which was being pushed across said street from the south, was within 2 feet of it; that she hallooed to him; and that he looked up, and as he did so was struck by the car. This is the only witness who saw the accident, except the witness Davis, who saw him as he was struck by the train.

## Opinion.

The undisputed evidence in this case shows that the appellant was guilty of negligence, and that such negligence was the proximate

cause of the death of W. T. Price, husband of appellee. The controverted issue of fact determinative of this case is: Was the deceased guilty of negligence in entering upon the track of appellant?

[1] It has been held in some cases that a party who was injured upon a railroad track was guilty of negligence, as a matter of law, in going upon such track. In such cases it is the duty of the trial court to instruct a verdict for the defendant, and, failing to do so, if the plaintiff recovers judgment, it is the duty of the appellate court to reverse the cause, and render judgment for the appellant. Railway Co. v. Shivers, 48 Tex. Civ. App. 112, 106 S. W. 894; Railway Co. v. Kutac, 72 Tex. 651, 11 S. W. 127; Sanches v. Railway Co., 88 Tex. 117, 30 S. W. 431; Schaff v. Combs, 194 S. W. 1160; Railway Co. v. Abendroth, 55 S. W. 1122.

Ordinarily, however, the question of contributory negligence, where one is injured on a road crossing by reason of being run over by a railroad train, is a question for the determination of the jury. Trochta v. Railway Co., 218 S. W. 1038, opinion by the Supreme Court not yet [officially] published; Railway Co. v. Tinon, 117 S. W. 936; Railway v. Hilgartner, 149 S. W. 1091; Railway v. Cardena, 22 Tex. Civ. App. 300, 54 S. W. 313; Railway v. Bowles, 32 Tex. Civ. App. 118, 72 S. W. 451; Railway v. Pennington, 166 S. W. 464; Railway v. Walker, 161 S. W. 961; Railway v. Linney, 163 S. W. 1035; Railway v. Winton, 27 Tex. Civ. App. 503, 66 S. W. 483; Railway v. Tirres, 33 Tex. Civ. App. 362, 76 S. W. 806; Railway v. Anderson, 76 Tex. 244, 13 S. W. 196; Elliott on Railways, § 1163.

[2, 3] These authorities establish the doctrine that the mere failure to look and listen, before entering upon a railroad track at a public crossing, does not establish negligence as a matter of law, and that such act is not negligence, if under the facts and circumstances of the particular case a reasonably prudent man would have so acted; and this is a fact to be determined by the jury. Unless the court can say, from all of the undisputed facts and circumstances of the case, that no reasonable mind can draw any conclusion other than that the plaintiff was guilty of negligence in entering upon a railroad track without listening or looking, the finding of the jury that such act was not negligence will not be disturbed.

Appellant contends that the finding of the jury herein, sustained by uncontroverted evidence, showed that the deceased, Price, was guilty of negligence as a matter of law, and that for this reason the court erred in overruling its motion to enter judgment in its favor upon the findings of the jury in answer to questions Nos. 6 and 7, and to special issues Nos. 1 and 5.

By reference to questions Nos. 6 and 7, it will be seen that the jury found that the de-

ceased did not look and listen before entering upon defendant's track, and that, had he done so, there was nothing to have prevented him from seeing the engine and coal car which ran over and killed him. A finding of the jury that the deceased did not look and listen for the train must be taken to mean that he did not do so after he was seen by the witness Mrs. Palmer, as they could not have known from the testimony whether he did so or not prior to that time. If Mrs. Palmer saw him as he entered upon the team track, she saw him in a position in which, if he had looked, he could have seen the coal car and engine on the east side of the street. It is not clear from the evidence, nor the findings of the jury, that the coal was moving at this time; but, even if it had been, there is nothing to show that the deceased did not look before reaching the team track, and, if he did so, he might have seen the car and engine standing still, with nothing to indicate that they would cross the street in front of him.

[4] While it is true that, if a party injured is guilty of negligence as a proximate cause of the injury, he will not be excused on account of the negligence of the railway company, and that he cannot, as a general rule, rely upon the fact that the railway company's servants and employés will not be negligent, still we think that if a party approach a railroad track on a public street, and a car is standing at or near the edge of the street, he may take it for granted that the car will not be pushed across the street, or, if so, that notice of same will be given by ringing a bell or blowing a whistle, and that if a party, in reliance upon such fact, should continue his journey without looking further, and the train should run over him, he would not be guilty of negligence—at least, that a jury might find absence of negligence under such circumstances.

[5, 6] We do not know upon what the jury based their answer that the defendant was not guilty of contributory negligence; but, if there were any facts or circumstances which might have existed, the existence of which was not excluded by the testimony, the jury might have been justified in indulging the supposition that such facts did exist. We cannot tell whether, by answer to special issue No. 1, the jury meant to say that the coal car and engine were moving at the time the deceased entered upon the track of defendant upon which he was killed, or at the time he entered upon the team track. If the deceased was not guilty of negligence in going upon the track of appellant, under the circumstances of this case, the mere fact that he stepped immediately in front of appellant's car would not render him guilty of such negligence. The finding of the jury that deceased entered defendant's track from a

safe place is of no value in this case. Of course, so long as he was not upon appellant's track, he was in a safe place.

Perhaps the judgment in favor of appellee could be sustained upon the ground that the testimony in this case does not show that the act of the deceased in stepping upon the track of appellant was the proximate cause of his death. The evidence of the witness Jim Davis shows that when the car struck the deceased it merely bumped him over. The train at this time was moving only 3 or 4 miles an hour. The car and the engine passed over the deceased without injuring him. His clothes were caught by the cowcatcher, and he was dragged along the track some 70 feet without being injured; but at this place he was dragged over the switch frogs and was killed. Had appellant's employés been keeping a lookout, they would have seen the deceased when he was knocked over, and could have stopped the train before he was injured; so it may well be said that the failure to keep a lookout and discover the perilous situation of deceased was the real cause of his death; but for such failure he would probably not have been seriously injured. However, we rest our decision of affirmance in this case upon the ground that there were no such facts and circumstances in evidence as would prevent the jury from being the judges as to whether or not the deceased was guilty of contributory negligence under all the facts and circumstances in evidence.

[7] Appellant complains that the verdict of $4,000, in favor of appellee, is excessive. Perhaps it is a larger verdict than we would have given, had we been the jury trying the case; but it does not follow from this that it is our duty to require a remittitur in order to prevent a reversal. In Railway v. Lehmberg, 75 Tex. 61, 12 S. W. 838, in which it was insisted that the verdict was excessive, the court said:

"Every parent and husband has for his wife and children a pecuniary value beyond the amount of his earnings by his labor or vocation. That value may to some, but not to every, extent be susceptible of allegation and proof; and to the extent that it can be alleged and proved it ought to be done. * * * When no amount is fixed by law, and no rule is prescribed for making the calculation, upon facts capable of exact ascertainment, it necessarily follows, we think, that the lawmaker intended that, having reference as far as practicable to conditions existing at the time of the death, juries, from their own knowledge, experience, and sense of justice, should fix and assess the proper sum. They are expected to act uninfluenced by passion, prejudice, or partiality, and to pay due regard to the ascertained facts and conditions surrounding the subject. When it appears to the court that they have disregarded these requirements, their verdict should be set aside. On the other hand, when the court is unable to determine that these things have not been observed by the jury, and when it does not appear that the verdict is not the result of the honest endeavor of the jury to follow their own convictions, in the exercise of a power not precisely defined, we think the law intends that the jury's estimate, rather than the equally undefined one of the judges, shall prevail."

In Railway v. Hulbert, 177 S. W. 554, it was held that this doctrine applies where the surviving widow sues for the damages sustained by her, and the interest and rights of minor children are not involved.

[8] Appellant assigns error upon the refusal of the court to submit the following special issue:

"What was the average net earning capacity of deceased, W. T. Price, for the past three years?"

The refusal to submit this issue was proper, for the reason that the question was asked only as to an evidentiary fact, and an answer to the same would not have assisted the court in rendering judgment. The jury found appellee's damages to be $4,000, and the court was compelled to enter judgment in accordance with the verdict. If the jury had found that the average earning capacity of deceased for the past three years was a very small amount, this would not have justified the court in not entering judgment for the $4,000. It might have been very persuasive argument on motion for a new trial, on grounds that the verdict was excessive, but all the evidence as to this matter was before the court, and could have been considered by it, and doubtless was, on the motion for new trial on this issue.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

We modify our findings of fact to the extent of finding that the witness, Mrs. Palmer, saw the deceased as he entered upon the switch track, and also that she saw him step upon the main track, about 2 feet in front of the moving car, and that he did not stop and look from the time that she saw him until he was struck by the car.

[9] The evidence in this case makes a strong showing of negligence on the part of the deceased, but, in view of the recent decisions of our Supreme Court in Trochta v. Railway Co., 218 S. W. 1038, and in Kirksey v. Southern Traction Co., 217 S. W. 139, neither of which has been [officially] reported, we hold that the question of contributory negligence was one for the jury.

Motion overruled.