**SUNGLO SERVICE STATIONS, INC.,**
**Appellant,**

**v.**

**Maria Luisa G. CANALES, Appellee.**

**SUNGLO SERVICE STATIONS, INC.,**
**Appellant,**

**v.**

**Roberto Villalobos FLORES et ux.,**
**Appellees.**

**No. 4169.**

Court of Civil Appeals of Texas.

Waco.

Oct. 17, 1963.

Rehearing Denied Nov. 7, 1963.

Groce & Hebdon, Richard Tinsman, San Antonio, for appellant.

Philip Kazen, Laredo, Lieck & Lieck, San Antonio, for appellees.

WILSON, Justice.

Appellant's pleas of privilege in two automobile personal injury actions were overruled after a non-jury hearing. It says there is insufficient evidence, or none, to establish negligence on its part, or proximate cause. There are no findings of fact.

Appellees alleged, and there is evidence to show that plaintiffs, Mr. and Mrs. Flores, brought their automobile into appellant's filling station to have the car serviced for gasoline, oil and transmission fluid. Flores was driving. He cut off the engine while gasoline was placed in the car, and thereafter started the engine, placing the automatic gear shift lever in "drive" position on the instruction of appellant's attendant, while the transmission fluid was being checked. Flores remained in the driver's seat and braked the car with the foot brake during this procedure. He did not set the parking, or hand brake. When the attendant reported the transmission fluid was low, Flores protested that he had changed it only recently. The attendant replied, "Come see for yourself", whereupon Flores got out of the car, leaving the engine idling and the car stationary with the transmission in "drive", without setting the brake. In order that Flores might examine the fluid level, the attendant told Mrs. Flores to "step on the accelerator." Without moving to the driver's seat, she did so; and the car lunged forward, colliding with the vehicle of another plaintiff.

Mrs. Flores "knew nothing about driving a car"; she knew the car was equipped with automatic transmission, knew where the accelerator was, but said she didn't know where the brake was, and did not know the "car was in gear." Mrs. Flores did not inform the attendant that she knew nothing about driving the car before she stepped on the accelerator, and the attendant did not ask her.

Flores testified it was necessary for the "car to be in gear" in order to observe transmission fluid level or "see if the oil registers". He testified he had been a patron of appellant's station before, and that when he had the car transmission fluid checked on previous occasions, he had "put on" his "hand brake to make sure it doesn't lunge forward." The family had been using the automobile over a year.

Conduct of appellant's agent alleged to constitute negligence was failure to instruct Mrs. Flores to put her foot on the brake and take the gearshift out of "drive," and failure to ascertain whether she was familiar with the operation of the automobile before telling her to step on the accelerator.

The initial problem narrows, we think, to whether the evidence raises an issue as to the element of foreseeability: Ought a

reasonably prudent person to have anticipated under such circumstances that the adult owner of an automobile would press the accelerator of the vehicle upon request or instruction when the brake was not set, and without informing him that the owner was ignorant of the operation of the car? The question may otherwise be said to be that of whether defendant's agent had a duty to ascertain whether it was safe for her to do so, before instructing Mrs. Flores to step on the accelerator. On this venue appeal we are not concerned with defensive issues.

Appellant's argument is impelling. The question is difficult, and to us, extremely doubtful. Our doubt leads us to conclude that reasonable minds could differ, and a fact issue was thus presented. Sanchez v. San Antonio & A. P. Ry. Co., 88 Tex. 117, 30 S.W. 431; Texas & P. Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332, 333. Appellant's points as to insufficiency of the evidence and overwhelming preponderance of the evidence are also overruled. Affirmed.