STARNES v. MUNCY.

No. 14963.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 17, 1948.

Holloway, Crowley & Hudson and Edgar H. Keltner, Jr., all of Fort Worth, for appellant.

Truman Power and Jack Love, both of Fort Worth, for appellee.

SPEER, Justice.

This is a venue case based upon exception 9 to Article 1995, R.C.S. Vernon's Ann.Civ.St. art. 1995, subd. 9, W. H. Muncy for himself and as next friend of his fifteen year old twin sons, Lloyd and Floyd Muncy, sued C. R. Starnes, a resident of Gregg County, Texas, to recover damages for injuries sustained when defendant's automobile struck the two boys on a public street in the city of Fort Worth, Tarrant County, Texas. Defendant timely filed his plea of privilege as did also plaintiff his controverting affidavit; the latter incorporated his original petition. No question is raised as to the time of filing, contents or sufficiency of either. Both the petition and controverting affidavit charge defendant with an active trespass and negligence in operating his car on his left hand side of the center line of North Main Street and in striking the two boys resulting in their injuries, charging that such negligence was a proximate cause.

The venue issues were tried to a jury. At the conclusion of the testimony defendant moved for an instructed verdict upon the assigned reasons that the undisputed testimony showed he was operating his car on his right hand side of the street. We quote the next portion of his motion, "and even if it should be believed that when he (defendant) was confronted with an emergency and with peril of the bicycle and riders thereof, he did turn some portion of his automobile to the left of the center of the street, nevertheless such conduct would not amount to operating the car on the left hand side of the street." The motion was overruled. The court then submitted three special issues; the answers to all were favorable to plaintiff. The judgment overruling the plea of privilege was entered and defendant has appealed.

Six points are presented, some of which may be discussed together. Altogether they complain (1) of the manner in which negligence and proximate cause were submitted; (2) insufficiency of the evidence to raise an issue; and (3) lack of pleading to raise the issue submitted.

We can best clarify the situation by quoting the first special issue, which reads: "Do you find from a preponderance of the evidence that immediately prior to the collision in question the defendant Starnes was operating his car on the left of the center of North Main Street?" Conditioned that if the jury had answered the first issue "no" they need not answer No. 2 but if "yes" (No. 2), then was the operation of the car on the driver's left hand side of the street negligence; conditioned that if the jury had answered No. 2 "no" they need not answer No. 3 but if answered "yes" then was such negligence a proximate cause of the collision. All issues were answered "yes."

Defendant's brief is devoted largely to his points 1, 2 and 3, which complain of the manner in which the first special issue was submitted, more particularly that part which inquired if defendant was operating his car on the left of the center of North Main Street "immediately prior to the collision."

In this connection defendant argues that the clause "immediately prior to the collision" limited the jury to a consideration of defendant's acts at a time after he had discovered the danger of the boys and a sudden emergency had arisen requiring him to make an effort to avoid the consequences thereof. He cites cases in support of the legal effect of his contentions.

It must be borne in mind that to raise the issue of discovered peril by defendant and whether or not defendant was confronted with an emergency not produced by himself, it was necessary to have some evidence of probative value to be considered by the jury. The record before us does not disclose any such evidence; there is an utter lack of any evidence that defendant ever saw the boys before the collision occurred. Defendant did not testify at the hearing; in fact the judgment in-

dicates that he was not present for it recites that he appeared by counsel. There were no witnesses other than the two injured boys; they both testified in substance that they were riding a bicycle south on North Main Street on their way to work on the east side of that street; when they reached the intersection of North Main Street and 34th Street, they stopped and looked to the south and north, the latter was the direction from which defendant's car came; vision was clear in both directions for two blocks, they saw no cars and started to cross North Main Street at the intersection. When their bicycle was crossing the center line of North Main Street they heard the "screech" of defendant's tires and looked in that direction; defendant was then about 10 yards from them and his car was then turning to the driver's left across the center line of North Main Street and immediately before they were struck the car was all across the center line except maybe the right rear wheel. North Main Street was a wide paved street having two lanes for traffic on each side with space on each side of the two lanes sufficient for parking cars, that in fact it was wide enough for three lanes on each side of the center line; that there were no cars parked on either side in that block and none were coming north at the time; it was daylight and the pavement was dry.

It is contended by defendant that a fair inference raised by the evidence was that the reason defendant had driven his car across the center line of North Main Street was because he had discovered the peril of the boys and was endeavoring to avoid a collision in a sudden emergency not created by himself.

■ It will be noted that when the boys first knew of the presence of defendant's car he was in the inside lane beginning to cross the center line of the street on the driver's left with two empty lanes to his right. The boys were practically in the center of North Main Street if the greater part of their bicycle was not entirely across the center line. The record does not disclose the width of 34th Street nor the distance the boys were from either its south or north line; hence, when defend-

ant was ten yards from them and turning across the center of North Main Street we cannot tell whether he had entered 34th Street or not. No inference can be indulged that defendant crossed the center to his left to avoid a sudden emergency based upon another inference that he saw the boys. It is the settled rule in this state that one inference cannot be based upon another inference. It is upon this theory that defendant bases his objections and points of error that the first special issue inquired of the location of the car "immediately prior to the collision," and that his request for an instructed verdict should have been submitted.

The undisputed evidence that defendant had driven his car across the center line to the left immediately prior to the accident does not compel the inferences (1) that defendant had seen the boys, and (2) that he then realized for the first time that an emergency had arisen which caused him to cross the center line. In the absence of any testimony as to why he crossed the center line, it is an equally fair inference that in that broad paved street, with no traffic coming or going on either side he had been holding that inside lane intending to turn left at the intersection and was carrying out that intention when he crossed the center line and struck the bicycle.

A very similar situation to the one before us is found in Woodward et al. v. Murphy, Tex.Civ.App., 29 S.W.2d 828, writ refused. There an issue was submitted inquiring as to the rate of speed a bus was traveling "immediately preceding the accident." The meaning of such expressions in charges was defined and held proper as against similar objections to those raised in the instant case.

■ It has been held by our courts so many times that active negligence in operating an automobile causing a collision and damages is a trespass under exception 9 to Article 1995, R.C.S. we deem it unnecessary to collate the authorities. In this case defendant stipulated that all of plaintiff's allegations were true except those charging a crime or trespass was committed by him.

Under the undisputed evidence in this case defendant was operating his car on his left side of the center line of North Main Street at the time of the collision and of necessity must have done the same thing "immediately" prior thereto as the word "immediately" is defined by the dictionaries and by the court. The ultimate issues then under the facts proved were such acts negligence and a proximate cause of the accident. These issues were answered in the affirmative. No instructed verdict for defendant should have been given and clearly there was evidence to support the verdict and we feel that the issues were properly submitted.

We overrule all points of assigned error and affirm the judgment of the trial court.

Affirmed.